### PERROTTA v. RICHMOND BRICK CO.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK—EMPLOYER'S LIABILITY ACT.

Under Employer's Liability Act, Laws 1902, p. 1750, c. 600, § 3, providing that an employé, by entering upon or continuing in the service of the employer, shall be presumed to have assented to the necessary risks of the occupation or employment, and no others, an engineer, called upon by the person in charge of the master's brick yard to do work outside of his employment, does not assume the risk of resulting injuries; for the risk from duties assigned outside a regular employment is not a risk of the employment, and is not assumed by the employé.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 544–546, 655–658.]

2. SAME.

The act provides that the necessary risks of the employment shall be considered as including those risks inherent in the nature of the business, which remain after the employer has exercised due care in providing for the safety of his employés, and has complied with the laws affecting or regulating such occupation for the safety of employés. Hence, where a master has provided a reasonably safe place and reasonably safe and proper instruments, and eliminated all dangers of the employment except such as are inherent in the nature of the business itself, if a servant enters the employment after an opportunity of inspection he assumes the risks incident thereto; but, if the master fails to eliminate the dangers of the employment by providing reasonably safe appliances, the servant does not assume the risk.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 538–550, 574–600.]

3. SAME—QUESTIONS FOR JURY—ASSUMPTION OF RISK AND CONTRIBUTORY NEGLIGENCE.

In an action by a servant for personal injuries, whether plaintiff assumed the risk or was negligent *held*, under the evidence, for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1068–1132.]

4. SAME—CONTRIBUTORY NEGLIGENCE—CARE REQUIRED.

In the performance of his duties a servant is not required to exercise the best judgment possible, but is only called upon to exercise such a degree of care as might be expected of persons of reasonable prudence engaged in the same occupation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 674.]

5. SAME—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action by a servant for injuries received while oiling a brick machine, evidence *held* to sustain a verdict for plaintiff on the theory of defendant's negligence and plaintiff's freedom from negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 954–977, 988–996.]

Appeal from Trial Term, Richmond County.

Action by Frank Perrotta against the Richmond Brick Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

George M. Pinney, Jr., for appellant.
Stephen C. Baldwin, for respondent.

RICH, J. Plaintiff has obtained judgment in an action brought to recover damages for personal injuries. He was an engineer employed by defendant to run a stationary engine at its brick yard on Staten Island, and prior to the accident was engaged in the discharge of his duties. He testified that defendant's superintendent, the person from whom he took his orders, told him to "come outside and oil the brick machine," and called his attention to the condition of two cogwheels upon the machine which required oiling. He says an old tomato can was provided for oiling the machinery; that he had called the attention of the superintendent to the can, and had requested that a proper oil can be provided, but none had been furnished at the time of the accident, although the superintendent had promised to do so. The hopper on top of the machine was something over six feet above the ground. Clay was dumped into this and fed out into a mixing machine connected with these cogwheels, having a device to separate stone and rock from the clay; the stone being picked up by a clutch and thrown out. Plaintiff claimed that he had no knowledge of this device. The two cogwheels, one above and one below, working together, propel the machine. Plaintiff alleged that while standing in front of these cogs, engaged in oiling them, a stone was thrown from the machine, and in an attempt to avoid this stone his arm was caught in the cogs and seriously injured. No guard or covering of any kind was provided, and there is abundance of evidence in the case justifying the finding that the master had failed in its duty to the plaintiff in not providing a proper guard. Defendant contends, however, that plaintiff knew the condition surrounding this machine— in fact, that he had assisted in installing it a few weeks previous to the accident; that he had oiled it frequently, and assumed the risk incident to the employment, and, lastly, he was guilty of contributory negligence.

Employer's Liability Act (chapter 600, p. 1750, Laws 1902) § 3, provides:

"An employé by entering upon or continuing in the service of the employer shall be presumed to have assented to the necessary risks of the occupation or employment and no others. The necessary risks of the occupation or employment shall, in all causes arising after this act takes effect be considered as including those risks, and those only, inherent in the nature of the business which remain after the employer has exercised due care in providing for the safety of his employés, and has complied with the laws affecting or regulating such business or occupation for the greater safety of such employés."

Plaintiff assented to the necessary risks of the occupation and employment, and no others. He testified that he was employed as an engineer, and was taken from his work by the superintendent, who had commanded him to oil the brick machine. According to his version (and the jury have found that to be the true one) it was no part of his duty under defendant's employment to oil this machine, and if this is so he did not assume the risk. Farther than this, the Legislature intended that the master should provide a reasonably safe place and reasonably safe and proper implements, and after this was done, and the master had eliminated all dangers from the employment except those that are inherent in the nature of the business itself, if he chose to enter the employment after an opportunity of inspection, he assumed the risks incident thereto. If it is true, as claimed, that the duty assigned to plaintiff and in which he was engaged at the time of the accident was no part of his employment, then it was not a risk of the occupation or employment, and not assumed by him; but it is unnecessary to discuss this, because, if the defendant failed to eliminate the dangers of the employment by providing reasonably safe appliances, plaintiff did not assume the risk. The question of assumption of the risk was one of fact (Neuweiler v. Central Brewing Co., 119 App. Div. 101, 103 N. Y. Supp. 1136), and this question was properly submitted to the jury.

The question of plaintiff's contributory negligence was likewise one of fact. It is true that plaintiff stood in front of these wheels, and the accident might have been avoided had he stood in the rear and oiled the cogs from that point. The work might not have been as artistically done as the wheels were revolving away from him; but it might have been done with greater safety. He was not required, however, to exercise the best judgment possible. He was only called upon to exercise such a degree of care as might be expected of persons of reasonable prudence engaged in the same occupation. The wheels were in plain view. The work of oiling the machine was attended with some danger, and under ordinary circumstances a person might be guilty of negligence in permitting his hand to be caught in these cogs. Plaintiff explains by saying that he saw a stone coming from above; that in an attempt to avoid it he dodged, and his arm was caught.

Much time was taken upon the argument in the discussion of the question of fact as to whether there was a platform flush with the top of the hopper extending over these wheels. In the view I take of the

case, that is not a very material point. There was evidence enough to sustain a finding of negligence on the part of the defendant, without considering whether the platform was there or not. Assuming that the platform was on the machine, on the question of plaintiff's contributory negligence, it could not be held as matter of law that plaintiff was guilty of negligence in changing his position as he saw the stone coming, although as a matter of fact it would not have hit him, had he remained quiet. The jury have decided that he was not negligent because of the involuntary movement of his arm, and I think their finding in this respect is supported by the evidence.

The charge of the learned trial justice was exceedingly fair, the verdict was not excessive, and the judgment and order must be affirmed, with costs. All concur.