(March 13, 1916.)

## J. W. TUCKER, Respondent, *v.* C. G. PALMBERG and JOHN MATTSON, Partners Doing Business Under the Name of PALMBERG & MATTSON, Appellants.

[155 Pac. 981.]

PERSONAL INJURIES—NEGLIGENCE OF MASTER—SAFETY OF APPLIANCES— SUFFICIENCY OF EVIDENCE — MOTION FOR NONSUIT — CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

1. *Held,* that there was sufficient evidence to be considered by the jury upon the question of negligence of the defendants in failing to furnish reasonably safe appliances for the prosecution of the work in which the plaintiff was engaged at the time of receiving the injury, and it was not error for the court to deny the motion for a nonsuit.

2. It is the duty of the master to furnish the servant with reasonably safe appliances with which to perform the work required to be performed, and the servant is chargeable only with the duty of taking notice of conditions in regard to the appliances which were patent, obvious or known to him.

3. The duty of providing a reasonably safe place and reasonably safe machinery rests on the master, and a reasonably prudent master would ordinarily use a higher degree of care to keep the place of work reasonably safe than would the servant who occupied it.

4. Where the facts are disputed and from them reasonable and prudent men might disagree as to the question of negligence, that question then becomes a question of fact, and under proper instructions must be submitted to the jury.

5. Under the provisions of the employers' liability law (Sess. L. 1909, p. 34), in an action by a servant for personal injuries, the question whether plaintiff assumed the risk or was negligent is, under the evidence, for the jury.

6. To entitle a plaintiff in a personal injury case to recover special damages, they must be specially pleaded, and where the court instructs the jury that "if you find for the plaintiff, you will allow him a fair compensation for the loss of time from his business or occupation, his loss of capacity, if any, for the performance of the

On different forms of statement of the general rule with respect to the master's duty as to places and appliances furnished to servant, see note in 6 L. R. A., N. S., 602.

kind of labor for which he is fitted," and there is no claim made in the complaint for any special damages by reason of such conditions, the giving of such instruction is improper, but the giving of it does not constitute prejudicial or reversible error where the evidence shows that the amount of damages awarded by the verdict of the jury was not excessive when confined only to those elements of damage which were properly pleaded and proved.

7. *Held,* that the instructions given by the court, taken as a whole, fairly cover the law of the case, and that it was not reversible error for the court to refuse to give certain instructions requested by the defendants.

[As to right to recover in action for tort, special damages properly pleaded consisting of liability *incurred but not* paid, see note in Ann. Cas. 1913D, 761.]

APPEAL from the District Court of the Fifth Judicial District for Bannock County. Hon. J. J. Guheen, Judge.

Action to recover for personal injuries. Judgment for plaintiff. *Affirmed.*

Budge & Barnard, for Appellants.

It is not proof of negligence merely to show that a certain appliance gave way whereby respondent suffered injury. (*Dobbins v. Brown,* 119 N. Y. 188, 23 N. E. 537; *Consolidated Kansas City Smelting etc. Co. v. Allen,* 64 Kan. 70, 67 Pac. 436; *Atchison, T. & S. F. R. Co. v. Wagner,* 33 Kan. 660, 7 Pac. 204; *Searles v. Manhattan Ry. Co.,* 101 N. Y. 661, 5 N. E. 66; *Peirce v. Kile,* 80 Fed. 865, 26 C. C. A. 201; *Byland v. E. I. Du Pont etc. Powder Co.,* 93 Kan. 288, L. R. A. 1915F, 1000, 144 Pac. 251; *Huff v. Austin,* 46 Ohio St. 386, 15 Am. St. 613, 21 N. E. 864.)

The fact of the injury raises no presumption of such negligence. (*Lane v. Missouri Pac. Ry. Co.,* 64 Kan. 755, 68 Pac. 626.)

"To sustain an action for damages occasioned by the alleged negligence of another, it is necessary for the claimant, not only to show that the injury occurred, but to produce sufficient evidence to show *prima facie* that such injury occurred through the fault of the other." (*Brown v. Union Pac.*

*R. Co.,* 81 Kan. 701, 106 Pac. 1001, 29 L. R. A., N. S., 808; *Byland v. E. I. Du Pont etc. Powder Co., supra; Duncan v. Atchison etc. Ry. Co.,* 86 Kan. 112, 119 Pac. 356, 51 L. R. A., N. S., 565; *Root v. Cudahy Packing Co.,* 88 Kan. 413, 129 Pac. 147.)

Respondent is not entitled to recover for the additional reason that he assumed the risk of his employment. (*Smith v. Potlatch Lumber Co.,* 22 Ida. 782, 128 Pac. 546; *Drake v. Union Pac. R. Co.,* 2 Ida. 487, 21 Pac. 560; *Minty v. Union Pac. R. Co.,* 2 Ida. 471, 21 Pac. 660, 4 L. R. A. 409; *Riverside Iron Works Co. v. Green,* 79 Kan. 588, 100 Pac. 482; *Rush v. Missouri Pac. Ry. Co.,* 36 Kan. 129, 12 Pac. 582; *Vincennes Water Supply Co. v. White,* 124 Ind. 376, 24 N. E. 747; *Griffin v. Ohio & M. R. Co.,* 124 Ind. 326, 24 N. E. 888; *Goure v. Storey,* 17 Ida. 352, 105 Pac. 794.)

To entitle one to recover special damages, they must be specially pleaded. (*Sommerville v. Idaho Irr. Co.,* 21 Ida. 546, 123 Pac. 302.)

For the reason that the jury were permitted to, and probably did, include special damages in their award, notwithstanding the state of the pleadings and evidence, the instruction of the court was clearly erroneous. (*Tarr v. Oregon Short Line R. Co.,* 14 Ida. 192, 125 Am. St. 151, 93 Pac. 957; *Peatt v. City of Ottumwa,* 136 Iowa, 221, 113 N. W. 831; *Baker v. Oughton,* 130 Iowa, 35, 106 N. W. 272.)

"It is error for the trial court to refuse to give a requested instruction which fairly states the defendant's theory as to the cause of the accident, where there is evidence which would sustain such theory." (*McKenna v. Omaha etc. R. Co.,* 95 Neb. 643, 146 N. W. 1014; *Hancock v. Stout,* 28 Neb. 301, 44 N. W. 446; *De Foe v. St. Paul City Ry. Co.,* 65 Minn. 319, 68 N. W. 35.)

"It should declare the law applicable to the facts contended for, and submit the case to the jury upon the theory of both parties." (*Fiore v. Ladd,* 25 Or. 423, 36 Pac. 572, 573; *Christy v. Des Moines City R. Co.,* 126 Iowa, 428, 102 N. W. 194; *Jones v. City of Caldwell,* 20 Ida. 5, 116 Pac. 110,

48 L. R. A., N. S., 119; *Spurrier Lumber Co. v. Dodson,* 30 Okl. 412, 120 Pac. 934.)

"Appellant had an undoubted right to have the court instruct the jury with regard to the law upon every material issue in the case in support of which there was some evidence." (*Dignan v. Spurr,* 3 Wash. St. 309, 28 Pac. 529; *Chicago R. I. & P. Ry. Co. v. Pitchford* (Okl.), 143 Pac. 1146; *Leach v. Hepler,* 32 Okl. 729, 124 Pac. 68; *McKinney v. Carson,* 35 Utah, 180, 99 Pac. 660.)

McDougall & Jones, for Respondent.

There was ample evidence to go to the jury upon the question of the negligence of the defendants in failing to furnish safe appliances for the work intended to be done. (*Mulligan v. Colorado Fuel & Iron Co.,* 20 Colo. App. 198, 77 Pac. 977.)

And it was not the duty of the plaintiff to examine them. (*Hunt v. Moran* (Utah), 150 Pac. 953; *Roche v. Denver & R. G. R. Co.,* 19 Colo. App. 204, 73 Pac. 880; *Burnside v. Peterson,* 46 Colo. 382, 96 Pac. 256, 17 L. R. A., N. S., 76; *Chiara v. Stewart Min. Co.,* 24 Ida. 473, 135 Pac. 245; *Maloney v. Winston Bros. Co.,* 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 634; *Walsh v. Winston Bros. Co.,* 18 Ida. 768, 111 Pac. 1090; 3 Labatt, Master and Servant, sec. 1137; *Carlock v. Denver & R. G. R. Co.,* 55 Colo. 146, 133 Pac. 1103.)

In the absence of knowledge to the contrary, a servant has a right to presume that his master has exercised due care and diligence to fulfill the obligations imposed by law, and he does not assume the risk consequent upon failure of the master to discharge his duties. (26 Cyc. 1183; *Emporia v. Kowalski,* 66 Kan. 64, 71 Pac. 232; *Goldthorpe v. Clarke-Nickerson Lumber Co.,* 31 Wash. 467, 71 Pac. 1091; *Craesafulli v. Winston Bros. Co.,* 18 Ida. 158, 108 Pac. 740; *Maw v. Coast Lumber Co.,* 19 Ida. 396, 398, 114 Pac. 9; *Crawford v. Bonners Ferry Lumber Co.,* 12 Ida. 678, 87 Pac. 998, 10 Ann. Cas. 1.)

The question of fact as to the negligence was a proper subject for the consideration of the jury. (*Wheeler v.*

*Oregon R. & Nav. Co.,* 16 Ida. 375, 102 Pac. 347; *Knauf v. Dover Lumber Co.,* 20 Ida. 773, 120 Pac. 157.)

The master is not relieved by use of an insufficient hook because it had been used before without injury. (*Chiara v. Stewart Min. Co., supra; Maloney v. Winston Bros. Co., supra; Walsh v. Winston Bros. Co., supra; Ocean Steamship Co. v. Matthews,* 86 Ga. 418, 12 S. E. 632.)

The duty is not upon the employee, but upon the employer, to inspect and know the strength of the appliances used. (*James B. Clow & Sons v. Boltz,* 92 Fed. 572, 34 C. C. A. 550; Cyc. 1145.)

Where the instructions taken as a whole fairly submit the case to the jury, the verdict will not be disturbed on account of mere inaccuracy in some of the instructions. (*Barrow v. B. R. Lewis Lumber Co.,* 14 Ida. 698, 95 Pac. 682; *Golden v. Spokane etc. R. Co.,* 20 Ida. 526, 118 Pac. 1076; *Lufkins v. Collins,* 2 Ida. 256, 10 Pac. 300; *Park v. Johnson,* 20 Ida. 548, 119 Pac. 52.)

The same rule will apply where instructions are refused. (*Hopkins v. Utah N. R. Co.,* 2 Ida. 300, 13 Pac. 343; *O'Connor v. Langdon,* 3 Ida. 61, 26 Pac. 659.)

Even though there may be a repetition of law in the case. (*North v. Woodland,* 12 Ida. 50, 85 Pac. 215, 6 L. R. A., N. S., 921.)

Where the court instructed the jury that they must be governed by the evidence in assessing damages, and no claim or proof of damage on account of loss of time was made, and it is clear from the record that the jury did not consider such elements in assessing damages, an erroneous instruction to the effect that loss of time was a proper element to be considered is not sufficient to work a reversal. (*Tarr v. Oregon Short Line R. Co.,* 14 Ida. 192, 196, 125 Am. St. 151, 93 Pac. 957; *Golden v. Spokane etc. R. Co.,* 20 Ida. 526, 118 Pac. 1076.)

An erroneous instruction on the measure of damages is harmless, where the judgment is not excessive. (*Great Western Coal & Coke Co. v. Coffman,* 43 Okl. 404, 143 Pac. 30; *Thomas v. Warrenburg,* 92 Kan. 576, 141 Pac. 255; *Per-*

*rault v. Emporium Department Store Co.*, 83 Wash. 578, 145 Pac. 438.)

SULLIVAN, C. J.—This action was brought to recover for personal injuries. The following facts appear from the record:

The respondent, J. W. Tucker, was a steel structural workman, twenty-five years of age, employed by appellants on or about July 23, 1914, in the construction of the Federal Building in the city of Pocatello. In this work he was associated with three other men, who were known as a "steel crew," whose duty it was to erect and put in place the steel pillars and cross-beams of the building. In the prosecution of this work a derrick with the customary appliances was used. The derrick was operated by a hand windlass. At its top was a clevis, to which was fastened a hook made of inch steel or wrought iron, and the latter, with its attached pulley, is referred to in the record as a "steel block." The steel crew worked under the direction and supervision of a building superintendent, who hired and discharged the men employed and at times assisted the steel crew in their work. He had general charge of the construction and furnished the appliances used. Between July 23d and August 1st a number of steel pillars and cross-beams had been raised and put in position. On August 1st, when the last cross-beam was being raised, the hook at the top of the derrick straightened out and the beam fell to the floor. At that time no one was injured. A second hook, exactly the same as the one which had given away, was supplied by the superintendent who assisted in attaching it to the derrick. Another attempt was then made to raise the beam. When it had been raised to about the proper height and the respondent, following his usual custom in performing such work, was sitting on the beam and trying to get it in place so that it might be fastened to the upright steel pillars at each end, the hook straightened and the beam together with respondent fell to the floor. By this accident respondent suffered serious and permanent injuries. His complaint prayed for damages in the sum of

$6,000, which amount was awarded to him by the verdict of the jury. This appeal is from the judgment and from the order denying the motion for a new trial.

Appellants assign as error the action of the court in overruling the motion for nonsuit, the motion for directed verdict and the motion for a new trial; the giving of certain instructions and the refusal to give a number of instructions requested by defendants. It is also contended that the evidence is insufficient to sustain the verdict, and the particulars of such alleged insufficiency are set forth in appellants' brief.

The complaint alleges that the injuries complained of ''were suffered solely by the reason of the negligence of the defendants in failing to exercise due care in supplying or maintaining proper, adequate and secure hooks, hoisting apparatus and instrumentalities for the plaintiff in the performance of the work required of him, and further on account of the defendants' failure to use due diligence and care in providing the necessary safety appliances for the plaintiff while in the performance of his duty.''

Defendants' superintendent, C. A. Mattson, testified that he was a civil engineer by profession; that he was familiar with engineering authorities on the strength of hooks, but that he had not ascertained beforehand, and did not know the strength of the hook which he had procured, and from the use of which the injury occurred. The extent of his investigation as to the sufficiency of this appliance for the purpose intended is indicated by the following quotations from his testimony:

"Q. Did you make any inquiry or any effort to ascertain what strength it had, or the weight that could safely be put on the hook?

"A. I asked them at the time.

"Q. Asked who? .

"A. The Bean people who sold me the block—I don't know whether it was Bean himself or not.

"Q. And he told you that he did not know?

"A. He said that he did not know.

"Q. Did you ask anybody else?

"A. I don't think so.

"Q. Did you make any other effort to find out the strength of the hook, and what weight could safely be put on the hook?

"A. I don't recall. It was sold to me as a heavy steel block.

"Q. You don't know whether it was safe to put one ton or five tons on it, did you?

"A. Not exactly, no sir.

"Q. It is a round commercial steel block, isn't it?

"A. It might possibly be soft steel, mild steel, Norwegian iron, or some other thing.

"Q. Did you make any effort to ascertain what it was before you used it?

"A. I bought it for a heavy steel block.

"Q. You relied largely or wholly upon the inquiry that you made of this clerk that you did not know for the strength of the hook which you were purchasing for this work?

"A. That is about the size of it."

With regard to the theoretical strength of the hook in question, there was a conflict in the testimony. Plaintiff's expert witness, Virgil Samms, testified that it was made of wrought iron and not calculated to carry with safety more than one ton. The weight of the beam, under the load of which the hook straightened out, was about 4,500 pounds. On the other hand, F. B. Nielson, an expert forging blacksmith, testified for defendants that in his opinion the hook was made of soft steel and would safely carry a load of three tons. He stated, however, on cross-examination, that in his opinion the hook was not made in the right shape, and that he would not have taken the chance of using it on the same load after a similar hook had straightened out.

From the record in this case it appears that there was sufficient evidence to be considered by the jury upon the question of the negligence of defendants in failing to furnish reasonably safe appliances for the prosecution of the work. The court committed no error in denying defendants' motion for a nonsuit.

Appellants' defense to this action is not only that the appliances furnished for the work were in fact reasonably safe and sufficient for the purpose intended, but that plaintiff himself was guilty of contributory negligence in that, after the first hook gave way, as heretofore described, he immediately thereafter resumed the work of raising the same steel beam with the second hook, which was identically the same as the first; and that, even if appellants were negligent in furnishing the hook which caused the injury, respondent had an equal knowledge of the facts and enjoyed equal opportunity for judging whether the appliance was a safe one to use.

In our opinion, the latter contention is not a correct statement of the law on this question. The obligation of appellants to furnish respondent with reasonably safe appliances was in no way lessened by the accident to the first hook. On the contrary, they were thereby put upon notice to exercise even greater care in the use of an appliance which was identically the same as the one which had just previously proved defective. The respondent had a right to assume that appellants' superintendent had exercised due care in selecting the hook which caused the injury, and that it was reasonably safe for the use intended. His right to rely upon this assumption was in no way impaired by the accident to the first hook. He was chargeable only with the duty of taking notice of conditions in regard to the appliances which were patent and obvious to him. (*Maloney v. Winston Bros. Co.,* 18 Ida. 740, 111 Pac. 1080, 47 L. R. A., N. S., 634.) As was well said by Judge Sanborn in the case of *Union Pac. Ry. Co. v. Jarvi,* 53 Fed. 65, 68, 3 C. C. A. 433, cited with approval by Judge Taft in the case of *James B. Clow & Sons v. Boltz,* 92 Fed. 572, 575, 34 C. C. A. 550, 552:

" . . . . the circumstances in which the master is placed are generally so widely different from those surrounding the servant, and the primary duty of using care to furnish a reasonably safe place for others is so much higher than the duty of the servant to use reasonable care to protect himself in a case where the primary duty of providing a safe place or safe

machinery rests on the master, that a reasonably prudent person would ordinarily use a higher degree of care to keep the place of work reasonably safe, if placed in the position of the master who furnishes it, than if placed in that of the servant who occupies it."

It was held by this court in the case of *Wheeler v. Oregon R. & Nav. Co.*, 16 Ida. 375, 102 Pac. 347, that where the facts were disputed, and from them reasonable and prudent men might disagree as to the proposition of negligence, then the question of negligence became a question of fact, and under proper instructions must be submitted to the jury.

In a late Utah case (*Hunt v. Moran*, 150 Pac. 953), a personal injury action somewhat similar to the case at bar, the court announced the rule as follows:

"We, in common with other courts, have often held that where these questions are shrouded in doubt, they are always for the jury. It is only in cases where it is clear that there is no negligence upon the part of the master, or that there is contributory negligence on the part of the servant, or that he under all the circumstances assumed the risk in question, that we can interfere with a finding or verdict in favor of the plaintiff as a matter of law. To interfere in doubtful cases is to encroach upon the province or functions of the jury, which we have no right to do."

But it is contended by counsel for appellants that there is no proof of negligence in this case, and that respondent is not entitled to recover for that reason and for the further reason that he assumed the risk of the employment. Counsel cites in support of that contention certain sections of the Employers' Liability Act (Laws 1909, p. 34), and also contends that the risk in this case was inherent in the nature of the business, and clearly included the risk that a hoisting device may break even though the employer has used reasonable care and diligence in providing or selecting such appliances.

It was held in *Perrotta v. Richmond Brick Co.*, 123 App. Div. 626, 108 N. Y. Supp. 10, under the employers' liability law of the state of New York, which has similar

provisions to that of the employers' liability law of this state, that in an action by a servant for personal injury, the question whether plaintiff assumed the risk or was negligent was for the jury under the evidence.

In the case at bar the jury has decided, under proper instructions given by the court, that the plaintiff was not negligent. Simply because the servant knew that a hook of the same size and apparently same kind had been procured to replace the defective one, that was not sufficient to charge him with negligence in continuing to work. As above stated, the respondent had a right to assume that appellant's superintendent had exercised due care in selecting the hook which caused the injury and to assume that it was reasonably safe for the use intended, although a similar hook, through some cause or another, had proven defective. The employee, under said law, only assumed such inherent risks of the employment as remain after the employer has exercised due care in providing for the safety of the employee, and the jury found in this case, by its verdict, that the appellants had not used proper care in the selection of a hook to replace the defective one.

It is clear to us from an examination of the record in this case that it belongs in that class of cases last above referred to, where the jury by its verdict has determined as a question of fact that the defendants were chargeable with negligence. It therefore only remains for the appellate court to consider whether the case was submitted to the jury under proper instructions, and whether the damages awarded were excessive.

In assignment No. 3 counsel for appellants complain of the following instruction: "The court instructs the jury that if the plaintiff is entitled to recover at all, he is entitled to such sum as will fully compensate him for all bodily pain and suffering which he has endured in the past by reason of the injuries received, and for such bodily pain and suffering as the evidence shows he will endure in the future. And if you are satisfied from the evidence that the injury that the plaintiff has suffered is permanent in its nature, and will continue

to affect his health and physical condition in the future, and cause him pain and suffering in the future, you should allow him in addition such sum as will reasonably compensate him for such pain and suffering and impairment of ability to earn a livelihood as he must suffer in the future.''

The objection to this instruction, as stated, is that it left the jury unrestrained to find for the plaintiff in any amount, without regard to the evidence, upon those particular elements of damage. The jury, however, were repeatedly charged in other instructions to base their verdict upon the evidence in the case, and as they did not award to plaintiff a greater amount prayed for in his complaint, the question arises in connection with this instruction as to whether the amount awarded was unreasonable or excessive upon a consideration of all the evidence.

It appears from the testimony of the physician and other witnesses that the injuries of plaintiff included a compound fracture of the skull, with part of the brain covering protruding; a compound fracture of the left humerus; a laceration of the muscles of the left leg; a fracture of the right arm at the wrist; numerous contusions, and serious injury to the left ankle; also that these injuries had been followed by much pain and suffering and that he had been incapacitated from resuming his occupation. At the time of the trial, nearly nine months after the accident, there were indications of permanent injuries, consisting of numbness in the left arm; suffering from headaches and dizziness, with a possibility of future epilepsy from the callus being formed. There was serious and apparently permanent injury to the left ankle, and plaintiff's hearing was impaired. For injuries of this character the award of the jury cannot be deemed excessive, and we do not think appellants were prejudiced by this instruction.

In assignment No. 4 objection is made to the following instruction: ''If you find for the plaintiff you will allow him a fair compensation for the loss of time from his business or occupation, his loss of capacity, if any, for the performance

of the kind of labor for which he is fitted, and for the pain and suffering resulting from said injury.''

The ground of objection to this instruction is that there is no claim made in the complaint of any special damages by reason of the conditions mentioned in the instruction, and that to entitle one to recover special damages they must be specially pleaded. This instruction as given was improper, but we do not think the giving of it was reversible error, for the reason that, even if the elements of damage objected to as not having been properly pleaded are left out of consideration, the verdict of the jury is not excessive, when considered only with reference to the elements of injury which were pleaded and proved by the evidence submitted to the jury. (*Golden v. Spokane & Inland Empire R. Co.*, 20 Ida. 526, 118 Pac. 1076; *Tarr v. Oregon Short Line R. Co.*, 14 Ida. 192, 196, 125 Am. St. 151, 93 Pac. 957.)

In assignments Nos. 6 to 12 appellants' counsel complain that the instructions of the court direct the attention of the jury to the plaintiff's hypothesis in relation to the particular facts, but that the court declined to place before the jury the defendants' theory of the case.

We have carefully considered the instructions given as well as those asked on behalf of the defendants and refused by the court, and it appears that the instructions given by the court as a whole fully and fairly state the law applicable to the facts of this case. The issues to be submitted to the jury were few and simple, and while it would not have been improper for the court to have given some of the instructions asked for by defendants' counsel and refused, or to have incorporated the substance of them in instructions given, we do not think prejudicial error was committed by refusing them, in view of the fact that the instructions given fairly state the law on all the material issues involved. Under such circumstances it is not error to refuse to give instructions requested, even though they may be a repetition of the law of the case (*North v. Woodland*, 12 Ida. 50, 85 Pac. 215, 6 L. R. A., N. S., 921), and although some of the instructions given do not state the law as fully as might have been done on the

particular subjects attempted to be embraced in such instructions.    (*Knauf v. Dover Lumber Co.*, 20 Ida. 773, 120 Pac. 157.)

We find no reversible error in the record, and the judgment of the lower court will be affirmed.    Costs awarded in favor of respondent.

Morgan, J., and Bothwell, District J., concur.