(July 3, 1918.)

## NEWPORT WATER COMPANY, a Corporation, Respondent, v. WILLIAM G. KELLOGG and LILLIE KELLOGG, His Wife, Appellants.

[174 Pac. 602.]

PLEADING—DEMURRER—WATER AND WATERCOURSES—WATER LICENSE—DISTRIBUTION IN FOREIGN STATE — APPEAL AND ERROR — SPECIFICATIONS OF ERROR.

1. The objection that a complaint does not state facts sufficient to constitute a cause of action is never waived.

2. If the complaint fails to state a cause of action a judgment based thereon must be reversed on appeal, even in the absence of a demurrer.

3. Where the record on appeal fails to show any action taken by the court upon a demurrer, the objection that the complaint does not state a cause of action must be considered in the same light as if the sufficiency of the complaint were attacked after judgment.

4. Where a complaint is attacked after a judgment upon the ground that it does not state facts sufficient to constitute a cause of action, every reasonable intendment is indulged in favor of the sufficiency of the complaint, and all inferences of fact which may be drawn from the facts alleged must be deemed, within reasonable limits, to be alleged in order to sustain the judgment.

5. By obtaining the issuance of a water license, the appropriator does not waive any rights he may have had previously through actual diversion and application to a beneficial use.

6. The specification of error that a finding is not supported by the evidence should designate the particulars in which the evidence fails to support the finding.

7. Where sufficient water can be developed it is the privilege of the subsequent appropriator to develop the same without unlawful interference with the prior appropriator's supply.

8. One who sells land with the understanding and agreement that it is to be used for a certain specified purpose is estopped from questioning his grantee's right to use it for the purpose for which it was purchased.

[As to injunctions as remedy for wrongful diversion of watercourse, see note in **Ann. Cas.** 1912D, 13.]

APPEAL from the District Court of the Eighth Judicial District, for Bonner County.   Hon. R. N. Dunn, Judge.

Action to obtain injunction and for damages.   Judgment for plaintiff.   *Affirmed.*

E. W. Wheelan, for Appellants.

The demurrer to the complaint on the ground it does not state facts sufficient to constitute a cause of action should be sustained.   The complaint contains no allegation to the effect that the plaintiff corporation has acquired a water right, or has complied with the laws of the state of Idaho regulating the appropriation and diversion of waters.

There is no allegation in the complaint that the plaintiff has sustained any actual damage by reason of the construction of the ditch by the defendants.   (*Bower v. Moorman,* 27 Ida. 162, 182, 147 Pac. 496; *Boise Development Co. v. Idaho Trust etc. Bank,* 24 Ida. 36, 133 Pac. 916.)

It is incumbent upon the plaintiff to allege in its complaint and prove at the trial that it did not have sufficient water to supply its demands by reason of the diversion of the water by defendants.   (*Salt Lake City v. Gardner,* 39 Utah, 30, 114 Pac. 147.)

J. F. Ailshie, for Respondent.

Appropriation by use is just as legal and valid as though plaintiff had secured a permit from the state engineer and posted and recorded its notices under the old statutes.   (*Nielson v. Parker,* 19 Ida. 727, 115 Pac. 488; *Washington State Sugar Co. v. Goodrich,* 27 Ida. 26, 38, 147 Pac. 1073; *Sandpoint Water & Light Co. v. Panhandle Dev. Co.,* 11 Ida. 405, 83 Pac. 347.)

The defendant never submitted or requested any finding on the issue on which he now complains that no finding was made. It was necessary for him to do so if he desired to assign that as error.   (*People v. Hunt,* 1 Ida. 433; *Johnson v. Fraser,* 2 Ida. 404, 18 Pac. 48.)

Under the issues and facts proven, the appellants were clearly estopped from in any manner claiming the water in this gravel basin or from the springs supplying respondent's reservoir. (*Orient Mining Co. v. Freckleton,* 27 Utah, 125, 74 Pac. 652; *Farber v. Page & Mott Lbr. Co.,* 20 Ida. 354, 118 Pac. 664; Herman on Estoppel, sec. 735; *Town v. Needham,* 3 Paige (N. Y.), 545, 24 Am. Dec. 246, 254; *Anderson v. Hubble,* 93 Ind. 570, 47 Am. Rep. 394, 399; *Ada County Farmers' Irr. Co. v. Farmers' Canal Co.,* 5 Ida. 793, 799, 51 Pac. 990, 40 L. R. A. 485; *McGinness v. Stanfield,* 6 Ida. 372, 55 Pac. 1020; *Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, 225, 101 Pac. 81.)

RICE, J.—This action was brought by the Newport Water Company, a corporation, against appellants William G. Kellogg and Lillie Kellogg, his wife, to obtain a perpetual injunction restraining appellants from further extending and enlarging a certain ditch, and a mandatory injunction requiring them to fill the ditch already constructed, and for damages. The respondent company was organized for the purpose of supplying water to the town of Newport, part of which is in the state of Idaho and part in the state of Washington. On November 25, 1904, appellants conveyed to the respondent, by warranty deed, certain real property, upon which respondent thereafter constructed a reservoir, together with wells, ditches, pipe-lines, etc., for the purpose of diverting and impounding certain subterranean water in that vicinity. This water was then conducted from the reservoir to the town of Newport and there sold and distributed to the consumers in the states of Idaho and Washington. Early in the year 1915, appellants constructed a ditch within a few feet of the boundary line between their land and that of respondent, and respondent complains that the construction thereof has caused the water to percolate and flow out through the gravel and soil and into said ditch, and thereby has greatly reduced the value and supply of water to respondent's irreparable injury and damage.

The first specification of error assigned is the overruling of the demurrer to the complaint filed in this action. The record contains no order of the court to that effect, and but for the fact that the demurrer is upon the ground that the complaint fails to state a cause of action the same would be disregarded. Rev. Codes, sec. 4178, provides: "If no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action." Under this section, if the complaint fails to state a cause of action, a judgment based thereon must be reversed on appeal, even in the absence of a demurrer. (*Crowley v. Croesus Gold etc. Min. Co.*, 12 Ida. 530, 86 Pac. 536.)

Inasmuch as the record fails to show any action of the court upon the demurrer, the objection that the complaint does not state a cause of action must be considered here in the same light as if the sufficiency of the complaint were attacked after the judgment. In such a case every reasonable intendment is indulged in favor of the sufficiency of the complaint, and all inferences of fact which may be drawn from the facts alleged must be deemed, within reasonable limits, to be alleged in order to sustain the judgment. While the complaint in the case may be deficient in the statement of the ultimate facts relied upon, still, viewed even in the most unfavorable light, it contains a defective statement of a good cause of action. (*McCormick v. Smith*, 23 Ida. 487, 130 Pac. 999; *The Mode, Ltd., v. Myers*, 30 Ida. 159, 164 Pac. 91.)

Appellants assign as error the action of the trial court in admitting in evidence, over objection, respondent's Exhibit "N." This exhibit was a water license issued by the state engineer pursuant to Rev. Codes, sec. 3261. It granted to respondent a perpetual right to two cubic feet per second of water to be conducted to the towns of Newport, Wash., and Newport, Idaho, for the purpose of fire protection and domestic use. Rev. Codes, sec. 3262, makes such a license *prima facie* evidence as to the water right. As the license on its

face indicates that it was granted for the same system of works and the same water right referred to in the complaint, its admission in evidence was not error. By obtaining the issuance of this license, respondent did not waive any rights it may have had previously through actual diversion and application to a beneficial use. (*Joyce v. Rubin,* 23 Ida. 296, 130 Pac. 793.)

There are several specifications of error which attack certain findings of the court on the ground that such findings are not supported by the evidence. In this case there was no motion for a new trial, the appeal being from the judgment alone. By Rev. Codes, sec. 4434, 1911 Sess. Laws, chap. 119, p. 379, it is provided that the "transcript . . . . shall be deemed adequate to present for review . . . . any question of insufficiency of evidence which may afterwards be properly presented by specification of insufficiency in the brief on appeal." It is seriously doubted whether a mere specification that a finding is not supported by the evidence, without designating the particulars in which the evidence fails to support the finding, is sufficient under the statute. (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175.) However, in this case we shall treat the objection as though it were intended to specify that there is no substantial evidence in support of the finding. We deem the objections without merit. The findings which are not based upon admissions in the pleadings are all supported by substantial evidence introduced at the trial.

Appellants complain of the judgment against them for $100 damages, on the ground that there is no allegation in the complaint sufficient to support a judgment for damages. The complaint, however, contains a general allegation that the "plaintiff has been greatly damaged and injured by reason of the action and conduct of the defendants to the amount of more than $5,000." This can be considered only an allegation of general damage. The judgment for $100 is sufficiently supported by the pleadings and the evidence introduced at the trial. (*Tucker v. Palmberg,* 28 Ida. 693, 155 Pac. 981.)

Appellants contend that the court erred in failing to find

that sufficient water could be developed on the lands of appellants and respondent to supply all the needs of both. The only reason for a finding on this point is the allegation in the affirmative answer of appellants that ''the proposed work done by the defendants on the ditches, and of which the plaintiff complains, was done and performed by the defendants as part of a system of irrigation to be used by the defendants in the irrigation of land owned by them.'' There appears to be no occasion for a finding on this allegation. If sufficient additional water can be developed for appellants' purposes it is their privilege to develop the same without unlawful interference with the respondent's supply. Respondent was not seeking to prevent the development of additional water, but only to prevent unlawful interference with the water which it had already appropriated. The proposed finding is not within the material issues of the case.

The last assignment is that the court erred in failing to find that the right of appellants to the water being used by them for irrigation purposes is superior to the right of respondent to convey such water outside the state of Idaho for sale and distribution. The court found that at the time respondent purchased from appellants the lands described in their deed for a reservoir site and for the springs, and percolating waters and subterranean flow therein, it was understood and agreed by and between them that appellants were to sell to respondent, and that respondent was to purchase said land for the special and sole purpose of procuring the water, springs and subterranean streams and flow of water therein for the purpose of impounding the same and selling and distributing the same to water users and consumers. The appellants permitted the respondent to expend large sums in making improvements for the purpose of impounding the waters for sale to its consumers. Appellants disclose by their affirmative answer that at the time the land was purchased from them by respondent they knew that the purpose of respondent in purchasing the land was to develop water for distribution and sale outside of the state of Idaho.

By reason of the acts of appellants as outlined above, they must be held to be estopped from questioning the right of respondent to carry the water and distribute the same to its consumers outside of the state of Idaho.

.The judgment is affirmed. Costs awarded to respondent.

.Budge, C. J., and Morgan, J., concur.