(June 25, 1918.)

ALVIRA M. AHLSTROM, Respondent, v. A. F. TAGE,
EDGAR TAGE and CHARLES TAGE, Doing Busi-
ness as TAGE BROTHERS, Appellants.

[174 Pac. 605.]

CLAIM AND DELIVERY — COMMUNITY PROPERTY — EVIDENCE — WIFE'S
EARNINGS — PURPORTED SALE OF PERSONAL PROPERTY WITHOUT
CHANGE OF POSSESSION.

1.  Under the provisions of Rev. Codes, secs. 2676 and 2680, the
earnings of a wife while living with her husband are community
property, in the absence of any agreement to the contrary or gift
by the husband to the wife of his interest in such community
property.

2.  While the wife's separate property may undergo mutations
and changes during the marriage relation and yet retain its separate
character, the proof adduced for the purpose of tracing and identify-
ing it in its changed condition must be clear and satisfactory in
order to establish its status at any given time as still remaining
her separate property.

3.  Under the provisions of Rev. Codes, sec. 3170, an alleged sale
of personal property, not accompanied by an immediate delivery
and followed by an actual and continued change of possession, is
conclusively presumed to be fraudulent and void as against creditors
of and purchasers from the vendor.

[As to the acceptance and delivery of goods that will satisfy
a valid sale, see notes in 49 Am. Dec. 325; 37 Am. St. 16; 19
Am. St. 215.]

APPEAL from the District Court of the Fourth Judicial
District, for Lincoln County. Hon. Wm. A. Babcock, Judge.

Action in claim and delivery. Judgment for plaintiff *re-
versed.*

Longley & Walters and Henry M. Hall, for Appellants.

"All property acquired by either spouse during coverture
is presumed to be community property, and the burden of
proof rests upon the party who asserts that it was separate

property to show such fact by a preponderance of the evidence." (*Humbird Lumber Co. v. Doran*, 24 Ida. 507, 135 Pac. 66.)

Under our statutes the time and earnings of both the husband and wife are community property. (*Giffen v. Lewiston*, 6 Ida. 231, 55 Pac. 545.)

J. C. Martin, for Respondent, files no brief.

BUDGE, C. J.—This is an action in claim and delivery brought by respondent to recover from appellants one certain hack of the alleged value of $75, and damages for its detention in the sum of $50. The case was tried to a jury resulting in a verdict for respondent, upon which judgment was entered. This appeal is from the judgment.

The errors assigned are that the evidence fails to prove that respondent is the owner and entitled to the possession of the property, or that it was the separate property of respondent.

The hack was originally purchased by William A. Ahlstrom, respondent's husband, from one Davenport for the sum of $45. Two hogs, claimed by respondent to be her separate property and valued at $13 were applied upon the purchase price, the balance being paid by work and labor performed by William A. Ahlstrom for Davenport. While respondent insists that these two hogs were her separate property, the only evidence throwing any light upon the status of the same is the testimony of respondent and her husband that she earned the money with which the hogs were purchased by working for appellants while she was the wife of Ahlstrom. This fact negatives and completely disproves this contention of respondent. The separate property of a wife is defined by the Revised Codes as follows:

"Sec. 2676. All property of the wife owned by her before marriage, and that acquired afterwards by gift, bequest or descent, or that which she shall acquire with the proceeds of her separate property, shall remain her sole and separate property, to the same extent and with the same effect, as the property of a husband similarly acquired."

Community property is defined thus:

"Sec. 2680. All other property acquired after marriage by either husband or wife, including the rents and profits of the separate property of the husband and wife, is community property, unless by the instrument by which any such property is acquired by the wife it is provided that the rents and profits thereof be applied to her sole and separate use; in which case the management and disposal of such rents and profits belong to the wife, and they are not liable for the debts of the husband."

It is apparent from these sections that a wife's earnings while living with her husband are community property in the absence of any agreement to the contrary or gift by the husband. Thus far, then, the hack in question must be regarded as community property.

On April 4, 1914, appellants sold to Ahlstrom a team of horses for $200, taking a title note therefor upon which was credited a payment of $40. The note provided that if it were not paid at maturity appellants would be entitled to compensation for rental or damages sustained. On June 11th, 1914, the balance of the note being still unpaid, one of the appellants went to Oakley where the team and hack were in the possession of Ahlstrom and repossessed the team under the note. At the same time Ahlstrom turned the hack over to appellants to compensate them for rental and damage sustained to the team.

Two hogs, claimed by respondent to be her separate property and valued at $30, were turned in by Ahlstrom on the purchase price of the team. This made up $30 of the $40 credited on the note. Respondent's testimony is to the effect that she had $30 at the time she married Ahlstrom and that, while she could not say that this same $30 was used by her in purchasing the two hogs that were traded in on the team, she had always kept track of that amount, and always knew where she could get it, and that she purchased them therewith.

It is claimed by respondent, and she and her husband so testified, that when the horses were purchased it was agreed

between them that in order to compensate respondent for the hogs she had permitted to be applied on the purchase price of the horses, the hack was to be hers. However, it appears that Ahlstrom transacted all the business, traded the hogs in as though they were his own or community property, that he had the possession of the hack at the time of this alleged agreement, and that he retained possession thereof and was using it continually in his business from that time until it was turned over by him to appellants to liquidate the damages sustained to the horses. Whether or not the evidence is sufficient to establish as a fact that the hogs which were traded in upon the team were the separate property of respondent is open to serious question. Respondent in her testimony at no time offered evidence of a clear and satisfactory character by which she attempted to trace the $30 which she claimed was her separate property, and with which these hogs were purchased, and the rule seems to be well established that while the wife's separate property may undergo mutations and changes and yet retain its separate character, still "the proof to trace and identify it in its changed condition must be clear and satisfactory." (*Smith v. Bailey,* 66 Tex. 553, 1 S. W. 627.)

But even if it should be conceded that the hogs which were traded in on the team were the separate property of respondent, nevertheless, under the facts above recited, respondent is not entitled to recover. Sec. 3170, Revised Codes, is as follows:

"Sec. 3170. Every transfer of personal property, other than a thing in action, and every lien thereon, other than a mortgage when allowed by law, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any persons on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or encumbrancers in good faith subsequent to the transfer."

Whether appellants be regarded as creditors of Ahlstrom, or as purchasers by reason of the transaction in which the hack was turned over to appellants by him in liquidation of damages, is immaterial. The fact remains that Ahlstrom at all times retained possession of the hack, and the section of the statute above quoted stands as an insuperable barrier between appellants and the respondent's pretended claim to the hack. The alleged transfer of the hack from Ahlstrom to respondent at the time the team was purchased being "not accompanied by an immediate delivery and followed by an actual and continued change of possession," is conclusively presumed by this statute to be fraudulent and void as to these appellants. Neither was it necessary for appellants in an action of this kind, and under the evidence disclosed in the record, to allege, in order to defeat respondent's right to recover, the lack of an immediate delivery of the hack followed by an actual and continued change of possession thereof. When the latter proved an attempted transfer of the hack from her husband to herself and that there was no immediate delivery, followed by an actual and continued change of possession, under the provisions of Rev. Codes, sec. 3170, *supra,* fraud was conclusively presumed, and the attempted transfer of title to the wife by the husband as against the subsequent purchaser from him was void; in other words, under the statute she had shown no right to possession in herself or wrongful detention of the hack by appellants.

The judgment is reversed, and the cause remanded with instructions to the trial court to enter judgment in favor of the appellants. Costs are awarded to appellants.

Morgan, J., dissents.

RICE, J., Concurring.—I concur in the result reached by the chief justice. I base my concurrence upon the failure of respondent, plaintiff below, to prove title to the hack in question. The evidence shows that at the time the hack was purchased it became community property. The respondent claimed to have a separate interest in two horses, which were community property unless she had the separate interest

claimed.  She testified that she owned two pigs, the proceeds of which became a part of the purchase price of the horses. Since she failed to trace any of her separate funds into the purchase price of the pigs, her claim to a separate interest in the horses failèd.   The husband of respondents testified that after he purchased the team respondent wanted ''a claim on the horses, and I told her, 'no,' she already had two pigs into the hack; she could put the other two pigs into the hack and I would keep the team and she could have the hack.''   In other words, there is no contention that the husband made her a gift of the hack, but the transaction amounted to an attempted trade of his community interest in the hack for her community interest in the team.

I think, under Rev. Codes, sections 2676 and 2680, such a transaction could not have the effect of divesting the property right in the hack of its community character.   The hack was acquired after marriage, and was not acquired by the respondent as a gift, nor with the proceeds of her separate property.   Under our statutes it must be held to have been community property.

In my view there was no substantial conflict in the evidence on the essential points involved in the case.