(April 5, 1924.)

## E. M. BELL and DANIEL JONES, Respondents, v. JOHN W. MORTON, Appellant.

[225 Pac. 137.]

INSUFFICIENT SPECIFICATION OF ERROR—PAYMENT OF PRINCIPAL DEBT BY COSURETY—ACTION TO ENFORCE CONTRIBUTION—BAR OF STATUTE.

1. A specification of error, which merely avers that the verdict of the jury and the judgment entered are not supported by the evidence, does not comply with Rule 42 of this court and cannot be considered.

2. When one of several cosureties pays the principal debt for which the sureties are obligated, the cause of action for contribution at once arises.

3. Where an action to enforce contribution is begun by one of several cosureties who has paid the principal debt, more than four years after the date of such payment, the action is barred by the provisions of C. S., sec. 6610.

APPEAL from the Fourth Judicial District, for Gooding County. Hon. H. F. Ensign, Judge.

Action by surety against cosurety for contribution. Judgment for plaintiffs. *Reversed.*

J. G. Watts, for Appellant.

Where a surety pays the debt of his principal his right of action for contribution from his sureties accrues immediately upon said payment and the statute of limitations begins to run from the date of payment. (*Mentzer v. Burlingame,* 78 Kan. 219, 97 Pac. 371, 18 L. R. A., N. S., 585; *Richter v. Henningsan,* 110 Cal. 530, 42 Pac. 1077; *Burrus v. Cook,* 215 Mo. App. 296, 114 S. W. 1065; *Williams v. Riehl,* 127 Cal.

Publisher's Note.

When does statute of limitations commence to run to bar an action by a surety against a cosurety for contribution, see notes in 10 Am. St. 647; 15 Ann. Cas. 1030; Ann. Cas. 1918E, 518; 18 L. R. A., N. S., 585; 42 L. R. A., N. S., 1131.

365, 78 Am. St. 60, 59 Pac. 762; *Kelley v. Sproul*, 153 Mich. 691, 15 Ann. Cas. 1029, 117 N. W. 327; *Dunkle v. Haight*, 68 Colo. 404, 189 Pac. 783.)

Where the surety, paying the debt, releases the principal debtor, he cannot call upon his cosurety for contribution. (32 Cyc. 284.)

Bissell & Bird, for Respondents.

Where a surety pays the debt of his principal and takes deed to the latter's land as security for such payment his right of action against cosureties for contribution does not accrue until such security has been liquidated and the net proceeds applied. (32 Cyc. 281; 21 R. C. L. 1152; *People's State Bank v. T'Miller*, 85 Kan. 272, 116 Pac. 884; *Broussard v. Mason*, 187 Mo. App. 281, 173 S. W. 698; *Dussol v. Bruguiere*, 50 Cal. 456; *Sheldon v. Welles*, 21 Mass. (4 Pick.) 60; *Clark v. Paddock*, 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475; *Barbarei v. Ramelli*, 84 Cal. 154, 23 Pac. 1086; *Crisman v. Lanterman*, 149 Cal. 647, 111 Am. St. 167, 87 Pac. 89; *Trustees, etc., v. Siers*, 68 W. Va. 125, Ann. Cas. 1912A, 920, 69 S. E. 468; 13 C. J., 834; *Mateer v. Cockrill*, 18 Tex. Civ. 391, 45 S. W. 751.)

BRYAN, Commissioner.—On July 1, 1912, Henry Secor and Etta Secor, his wife, executed and delivered to one Foster Crane their promissory note in the sum of $6,650, payable five years from date and bearing interest at the rate of eight per cent per annum, which note contained, among other provisions, the following:

"Interest payable annually and if not so paid the whole sum of both principal and interest to become immediately due and collectible."

The note was signed by Secor and wife and eight other parties, including the appellant and respondents herein, and was secured by a second mortgage on a tract of land in Gooding county. Against the said land was a first mortgage held by the state of Idaho. Secor and wife having defaulted in the payment of a small amount of interest, on

May 24, 1916, Jones and Bell, respondents, paid the Foster Crane note and also the note due the state of Idaho, and caused the two mortgages secured by said notes to be released. On the same day respondents took from Secor and wife a deed of conveyance of the property covered by said mortgages. On July 2, 1920, four years, two months and eight days after respondents had paid and fully satisfied the obligations to Crane and the state of Idaho, they commenced this action against appellant, praying for contribution from appellant of his proportionate share of the deficiency not covered by the sale of the property. Respondents alleged that after disposing of the property and paying all the necessary expenses connected therewith there remained due from appellant as cosurety the sum of $3,350 in excess of the amount realized from the handling of the security. To this complaint appellant demurred, challenging the sufficiency of the complaint to state a cause of action and also asserting that the cause was barred by the provisions of C. S., sec. 6610. The demurrer was by the court overruled, whereupon appellant answered setting up a number of affirmative defenses. Thereafter the cause was tried to the jury. After respondents rested, appellant moved for a nonsuit, which motion was by the court overruled. The case was thereupon given to the jury and a verdict returned in favor of the respondents and judgment entered accordingly, from which judgment this appeal is prosecuted.

Appellant makes numerous specifications of error among which are that the court erred in overruling appellant's demurrer, in overruling appellant's motion for nonsuit, in giving various instructions, in admitting evidence over the objection of appellant, and in entering judgment for any amount against the appellant. The fifth assignment of error is that the verdict of the jury and the judgment entered are not supported by the evidence. This specification we are unable to consider for the reason that the same does not come within the requirements of Rule 42 of this court, as construed in the case of *Morton Realty Co. v. Big Bend Irr. & Min. Co.,* 37 Ida. 311, 218 Pac. 433. In this case it

was held that an assignment simply asserting that the findings of fact and conclusions of law' are contrary to the law and the evidence, does not comply with the rule of this court, in that it does not contain a distinct enumeration of the several errors relied on, as required by said rule. The controverted facts raised by the affirmative answer have been decided by the jury in favor of the respondents; with these we therefore have no concern. The principal question to be determined is whether respondents' cause of action was barred by the provisions of C. S., sec. 6610. In determining this question it becomes necessary to ascertain when respondents' cause of action arose, whether upon payment by them of the amount of the note upon which all cosureties were liable, or whether the right of action did not arise until after they had disposed of the land taken by them as security, and distributed the amount realized therefrom among the various sureties. If the cause arose upon the payment by respondents of the principal debt, the action was barred. If the cause of action did not arise until after application of the proceeds of the sale of the security, the statutes of limitation had not run. Upon this question it must be conceded there is some conflict in the authorities, but we are convinced that the great weight of authority, both in the texts and the adjudicated cases, is in support of the rule that when one of several cosureties pays the principal debt his cause of action for contribution at once arises. (*Mentzer v. Burlingame*, 78 Kan. 219, 97 Pac. 371, 18 L. R. A., N. S., 585; *Richter v. Henningsan*, 110 Cal. 530, 42 Pac. 1077; *Williams v. Riehl*, 127 Cal. 365, 78 Am. St. 60, 59 Pac. 762; *Burrus v. Cook*, 215 Mo. 496, 114 S. W. 1065; *Kelley v. Sproul*, 153 Mich. 691, 15 Ann. Cas. 1029, 117 N. W. 327; 21 R. C. L. 1150; *Broussard v. Mason*, 187 Mo. App. 281, 173 S. W. 698; *Sanders v. Weelburg*, 107 Ind. 266, 7 N. E. 573; *Dunkle v. Haight*, 68 Colo. 404, 189 Pac. 783; 7 Am. & Eng. Ency. of Law, 340.)

The reason for the rule as expressed by the authorities is that when a surety under such circumstances takes security, such indemnity, of whatever it may consist, accrues at once

to the benefit of all cosureties, and that the surety taking it at once becomes a trustee for all cosureties, charged with handling the property for the benefit of all. His interest in the property is only that of any cosurety. The rule is founded upon the maxim, "Equality is equity." Any different rule would raise an unwarranted inequality against the surety who had parted with his money for the benefit not only of himself but as much for the benefit of each cosurety, who was equally obligated to pay the principal debt. He might be unable to dispose of the security, in which event he would be compelled to wait an indefinite time before receiving compensation from those who have assumed obligations as binding as his own. We think the rule should not be different when the cosurety, upon payment of the debt, takes property of the principal debtor as indemnity against loss which might be sustained by the enforced payment. In the case of *Williams v. Riehl, supra,* the court said.

"There is a sharp conflict in the authorities as to whether a surety holding in his hands indemnity can maintain an action against his cosurety, regardless of the indemnity. Many authorities hold that the surety may maintain an action against his cosurety for the sum he is then entitled to, regardless of the indemnity; that in such case, whatever may be afterwards received by a sale of the indemnity shall be accounted for, and proportionately paid to the sureties. On the other hand, it has been held in several cases that the surety so indemnified must save himself harmless, or fully account for the value of the indemnity, before he can recover against his cosurety in an action for contribution. The question does not appear to have been decided by this court, and we are at liberty to lay down the rule in this case. We think the first the better rule. Equality is equity. The moment one cosurety or joint judgment debtor pays the debt of his principal, he has a right to recover from his cosurety or joint judgment debtor his proportionate share. The law gives him this right, and also imposes upon his cosurety the duty of paying his proportionate share. The ob-

ligation is as binding upon the cosurety as if created by promissory note or contract. It would be no defense for a defendant, when sued upon a promissory note or other written contract, to set up that the plaintiff held collateral securities or property for the purpose of indemnifying himself. Why should it be a defense in this kind of an action? Why should the plaintiff, in an action for contribution, after having paid out his money, be compelled to wait until he can realize upon some collateral indemnity, which may require years, while his cosurety, who was as much bound in law and morals as himself by the bond, has paid nothing? This would not make the burdens of the cosureties equal. The indemnity is for the benefit of one cosurety as much as for the other, no matter which holds it. (Civ. Code, sec. 2849.) Either one could apply to the court for its sale or to enjoin a wrongful disposition of it. The burden of finding a market for it, and applying its value towards the debt of the principal, should be borne by one as well as the other. There is no reason why the cosurety who has paid the debt of his principal should assume the burden of disposing of the indemnity, and the additional burden of waiting, until it is disposed of, before he can receive from his cosurety his proportion." Citing: 1 Brandt, Sur., sec. 274; *Paulin v. Kaighn,* 29 N. J. 483; *Anthony v. Percifull,* 8 Ark. 495; *Bachelder v. Fiske,* 17 Mass. 464; *Johnson's Admrs. v. Vaughn,* 65 Ill. 425.

While we are not in accord with the following statement found in the above quotation, "It would be no defense for a defendant, when sued upon a promissory note or other written contract, to set up that the plaintiff held collateral securities or property for the purpose of indemnifying himself," we agree with the reasoning employed in this case and the conclusion reached. We therefore conclude that respondents' cause of action for contribution arose at the time they paid the principal debt, to wit, May 24, 1916. Appellant's liability was upon an implied promise to contribute. The right of action thereon is controlled by C. S., sec. 6610. This suit having been filed more than four years

after the date of such payment, the cause was barred by C. S., sec. 6610. Inasmuch as these facts appear on the face of the complaint the demurrer should have been sustained.

McCarthy, C. J., and Dunn and Wm. E. Lee, JJ., concur.

Budge and William A. Lee, JJ., dissent.

PER CURIAM.—The foregoing opinion has been examined and is hereby adopted as the opinion of the court. It is ordered that the judgment of the trial court, be reversed, with direction to said court to sustain the demurrer to the complaint. Costs awarded to appellant.