(March 4, 1926.)

D. A. HOWELL,. Plaintiff and Respondent, v. FATTH KHAN, Defendant, and WEISER LOAN & TRUST COMPANY, a Corporation, Defendant and Appellant.

[245 Pâc. 86.]

CHATTEL MORTGAGE ON CROP — AGREEMENT FOR ADVANCES — INDEFINITE ASSIGNMENTS OF ERROR.

1. Where crop mortgagee had agreed to finance tenant, taking mortgage subject to owner's claim for rent, subsequent agreement of owner that mortgagee might pay lienable claims for labor and deduct amounts from crop before paying rent covered only labor payments made after date of agreement, there being no consideration as to payments made prior thereto.

2. Assignment of error because of finding which is not material, and on which judgment is not dependent, is without merit.

3.   Assignment that findings, conclusions and judgment are contrary to law and evidence must specify respects in which evidence is deficient.

4.   Appellate court will not, under an assignment that findings, conclusions and judgment are contrary to law and evidence, search record to ascertain whether evidence is sufficient.

5.   Assignment that complaint does not state cause of action must specify in what particular complaint is deficient.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Action of *assumpsit* for money received. Judgment for plaintiff. *Affirmed.*

Frank D. Ryan and Harris, Stinson & Harris, for Appellant.

So long as it is something of real value in the eye of the law, whether or not the consideration is adequate to the promisee is generally immaterial in the absence of fraud. The slightest consideration is sufficient to support the most onerous obligation; the inadequacy is for the parties to consider at the time of making the agreement and not for the court when it is sought to be enforced. (*Nolan v. Young* (Tex. Civ. App.), 220 S. W. 154; *Manson v. Flanagan*, 233 Mass. 150, 123 N. E. 614.)

Under the facts of this case, no privity of contract can be implied which will sustain a claim for money received by appellant to use of respondent. (*Third National Bank v. Rice*, 161 Fed. 822, 88 C. C. A. 640, 15 Ann. Cas. 450,

Publisher's Note.
3.   See 2 R. C. L. 162.
4.   See 2 R. C. L. 164.

See Appeal and Error, 3 C. J., sec. 1512, p. 1366, n. 96; sec. 1522, p. 1373, n. 42, 43; sec. 1531, p. 1382, n. 17; p. 1383, n. 29 New; 4 C. J., sec. 3041, p. 1057, n. 85.
Chattel Mortgages, 11 C. J., sec. 400, p. 656, n. 36 New.

23 L. R. A., N. S., 1167; *Blymire v. Boistle,* 6 Watts (Pa.), 182, 31 Am. Dec. 458.)

There is nothing in the record to show that the respondent had any claim or lien upon the money in the hands of appellant, and unless such be shown he has no right to recover, the rule being that in order to support a count in *assumpsit* for money received it must appear that the defendant had actually received and has in his hands money belonging to the plaintiff, which it is his duty to pay over. (*Dean v. Mason,* 4 Conn. 428, 10 Am. Dec. 162; *Beals v. See,* 10 Pa. 56, 49 Am. Dec. 573.)

Ed. R. Coulter, for Respondent.

"The performance of a duty imposed by law or arising from a contract with the other party is not a sufficient consideration, because the performance of such duty involves no detriment to the promisee. Where a legal obligation exists, a cumulative promise to perform it, unless upon a new consideration, is a nullity. A promise cannot be conditioned on a promise to do a thing to which a party is already legally bound." (6 R. C. L., sec. 63, p. 664; sec. 75, p. 666; sec. 83, p. 675; sec. 86, p. 679; *Payette National Bank v. Ingard,* 34 Ida. 295, 200 Pac. 344.)

WILLIAM A. LEE, C. J.—The complaint in effect alleges that plaintiff is the owner of eighty acres of land in Washington county, Idaho, and on March 30, 1921, entered into a written lease with defendant Khan for fifty-five acres of this land at a yearly rental of $1,900 for that year; that on the following day Khan executed to defendant Weiser Loan & Trust Company, a mortgage on all of the crops to be raised on said land during said year to secure advances that it might make to Khan to aid him in cultivating this land, and growing and harvesting a crop of sugar-beets thereon; that at the time this mortgage was executed, defendant company agreed in writing with plaintiff that its crop mortgage was to be subject and inferior to plaintiff's claim for the payment of this $1,900 for the rent of

said land; that Khan raised a crop of sugar-beets which were sold to the Amalgamated Sugar Company for $1,900 and that payment for the same was made by the sugar company in checks payable to the order of plaintiff and defendants jointly and delivered to defendant company which cashed the same; that defendant company now has possession of this money and refuses to pay plaintiff his rental for said land.

Defendant Khan defaulted and defendant company answered and denied that the crop mortgage was to secure advancements made after its execution; denied that it agreed that the mortgage was to be inferior to plaintiff's claim for rent, but alleged that plaintiff was to be paid his rent out of the proceeds of the crop after all lienable items against the crop were deducted; denied that the crop was sold to the Amalgamated Sugar Company for $1,900 or any sum in excess of $1,515.23, and alleged that after deducting from this amount the lienable items and $60 for a cow that defendant company had sold to plaintiff, it owed him only $71.72.

As an affirmative defense defendant company alleged that defendant Khan employed men to assist in the raising and harvesting of these sugar-beets and that the value of this labor was $1,383.51, which sum the company paid in order to prevent the filing of liens against the crop, and deducted the same from the money received from the sale of the beets; that this was done with the consent of plaintiff under an express agreement that the amount of these lienable claims should be deducted from the proceeds received from the sale of the beets; that plaintiff had, in writing, agreed with defendant company to indorse all checks received from the sale of beets, and that it should retain all sums paid by it to laborers; that it had received $1,515.23 from the sale of these beets and had paid out $1,383.51, which left a balance of $131.72, from which it deducted $60, the price of a cow delivered by it to plaintiff, which left a balance of $71.72 that it offered to pay plaintiff.

The court found that the amount received by defendant company from the sale of the beets was $1,515.23, and that two labor claims, amounting to $116, had been rightly paid by defendant company and were chargeable against the proceeds received from the beets, and the $60 for the cow being admitted, was chargeable to plaintiff.

The cause was tried to the court without a jury, and after making findings and conclusions, it entered judgment in favor of plaintiff and against defendant company for $1,339.23 with interest and costs. From this judgment defendant company's appeal is taken upon three assignments: (1) The court erred in finding that the agreement made November 26, 1921, was null and void; (2) the court erred in finding to the effect that had labor claims been filed for said $116 in all probability the Amalgamated Sugar Company would not have paid said sum to appellant, such finding being contrary to the evidence; (3) the court erred in its conclusion of law to the effect that plaintiff was entitled to judgment against appellant and in rendering judgment based upon such findings and conclusion for the reason that they were contrary to the evidence; that the complaint does not state a cause of action, and the court does not find that the money appellant received was the property of respondent or that he had any lien on the same or that defendant Khan had directed it to be paid to respondent.

The agreement of November 26th, which appellant contends permitted it to pay the laborers' liens and which the court below held was without consideration, in part, reads:

"Now, therefore, it is agreed between the parties hereto, that as the checks come in from the sugar company in payment of said Fatth Khan beets, that the parties hereto will endorse said checks, and first party shall cash the same and shall retain out of such checks all moneys that the said first party has paid or does hereafter pay, to laborers performing labor in putting in, irrigating, taking care of, digging, topping, hauling and handling and doing

all work in connection with the growing and moving of said beets, and after said items so paid, or to be paid by first party, have been deducted, then all other moneys received by the first party, or to be received by the first party at any time from the sale of beets of the said Fatth Khan, grown during the season of 1921, shall be paid to the said second party herein, unless the same shall exceed the sum of $1,900, and in the event it does exceed the sum of $1,900, then first party shall retain such excess. . . . . ''

Appellant claims that when this second agreement was made it did not know how many labor liens remained unpaid, but whatever there were it was to pay and such payment was to be the consideration for the agreement. It thereafter paid $116, for which the court allowed it credit against the money in its hands received from the sale of beets, but for the money advanced by appellant prior to this time for the payment of labor claims, the court upheld respondent's contention that there was no consideration for their payment because appellant had agreed to finance Khan in this undertaking and had taken a mortgage upon his crop which it had agreed with respondent should be subject to his claim for rent. That this was the understanding between appellant and respondent is further evidenced by the fact that respondent, prior to his agreement to lease this land to Khan, was asked by Kenyon, president of appellant, if he was going to rent the place to Khan, whereupon respondent gave as his reason for not doing so that Khan had no money, and Kenyon replied: ''We are going to finance the deal.'' Kenyon further told him that he, Kenyon, would draw up the contract, and the next time respondent came in he could sign it, and told him to go ahead with his contract with Khan. This testimony was not controverted and when considered in connection with the subsequent leasing of the premises to Khan, and appellant expressly agreeing that its mortgage indebtedness should be inferior to respondent's claim for rent, we think the finding of the court that appellant was not entitled to deduct advances made to Khan for the pay-

ment of labor claims, or any other expenses incurred in the growing and harvesting of this crop, made prior to the November agreement, was correct, and at most this agreement would only cover labor claims paid by appellant after it was made in November, which are conceded to be $116 and which the court allowed.

[1] It is very apparent that when respondent was induced to enter into the November agreement, it was upon the representation made or caused to be made by appellant to him that these claims for labor had not been paid and that they were lienable items which, if asserted by the laborers who performed the work, would be superior to respondent's claim for rent, when in fact they had already been discharged by the advances already made by appellant, and we therefore conclude, that the trial court rightly held that under these circumstances there was no consideration for this agreement, except as to claims for labor that appellant subsequently paid and for which the court allowed it credit.

[2] The second assignment is without merit, because the finding complained of is not material, and the judgment is not dependent upon it.

[3] With regard to the third assignment that the findings, conclusions and judgment are contrary to law and the evidence, it is sufficient to say that there is no specification with regard to wherein the evidence is insufficient. [4] It is well settled that this court will not, under an assignment of this kind, search the record to ascertain whether or not it is sufficient, if the complaining party has not thought it worth while to indicate in what respect it is insufficient. [5] The same may be said with regard to the objection that the complaint does not state facts sufficient to constitute a cause of action. It sets forth the terms and conditions under which respondent leased this land to Khan; that he had not paid the rental therefor; that appellant had agreed that its mortgage for advancements to Khan should be subject and inferior to respondent's claim for rent; and states that the entire proceeds from the sale of this crop out of

which this rent was to be paid had been received by appellant, and the purpose of this action, as it appears from this complaint, was to recover a money judgment against the defendant Khan for respondent's rental and to have the money received by appellant from the sale of the crop applied to respondent's claim, which the judgment of the court accordingly does, with the exception of the two set-offs mentioned, which were allowed by the court.

In view of the conclusion reached with regard to appellant not being entitled to set off these advancements made prior to the November agreement, we think the judgment of the court should be affirmed, and it so ordered.

Costs awarded to respondent.

Wm. E. Lee, Budge, Givens and Taylor, JJ., concur.