(No. 5298.    July 30, 1929.)

LILLIE McMILLAN, Respondent, v. UNITED STATES FIRE INSURANCE COMPANY, a Corporation, Defendant, and E. N. McMILLAN, Intervenor and Appellant.

[280 Pac. 220.]

Ed. R. Coulter, for Appellant.

George Donart and J. W. Galloway, for Respondent.

VARIAN, J.—Respondent, a married woman living with her husband, took out two policies of fire insurance in her own name, one covering certain real property and the other for $1,000 covering the personal property contained in the dwelling-house insured. The said dwelling and contents were totally destroyed by fire. Afterwards, the defendant insurance company was garnished by appellant upon a deficiency judgment obtained against the husband, after mortgage foreclosure, and being a community indebtedness. Respondent commenced this action against the defendant insurance company to recover the loss sustained under each policy of insurance and, on stipulation, the court permitted

the judgment creditor to intervene. Before trial, all parties stipulated that defendant might deposit the adjusted amount of loss, i. e., $1,400, with the clerk of the trial court, and releasing defendant from further liability in the premises. Later, it was stipulated that the $400 loss, on account of the dwelling-house, might be paid to respondent, which was done. Subsequently, before trial, by agreement of counsel, the $400 accruing by reason of the damage to the real property was paid to respondent, by order of court, leaving $1,000 in the hands of the clerk as the proceeds of the loss of the personal property, which was the amount of the face value of the policy covering the same. The cause was tried to a jury, resulting in a verdict for respondent for the full amount ($1,000). Intervenor moved for a new trial, which was denied, and appeals from the judgment and order denying a new trial.

■ The controversy here is as to the character of the personal property destroyed, whether the separate property of respondent or the community property of herself and husband, appellant contending that it was all community property and subject to execution on his deficiency judgment. Respondent contends that the fund is her separate property, and in addition sets up claims of exemption under the statutes. Her undisputed testimony is that all of the articles enumerated on the settlement sheets used in the adjustment of loss with defendant insurance company were purchased, after marriage, with the proceeds of money given her by her father, or her own earnings while working "in the fruit," or moneys derived from rentals for pasturage given to her by her stepfather in consideration of her caring for a pasture for him and renting it during the year 1925. All these earnings were earned and received by her when she was living with her husband, who was temporarily absent from home for a portion of each year while engaged in logging operations in another state.

C. S., sec. 4656, is as follows: "All property of the wife owned by her before marriage, and that acquired afterward by gift, bequest, devise or descent, or that which she shall

acquire with the proceeds of her separate property, shall remain her sole and separate property, to the same extent and with the same effect, as the property of a husband similarly acquired.''

All other property acquired by the wife, after marriage, including the rents and profits of her separate property, is community property. (C. S., sec. 4660.) In the absence of any agreement to the contrary, or gift by the husband, these sections make the wife's earnings, while living with her husband, community property. (*Ahlstrom v. Tage,* 31 Ida. 459, 174 Pac. 605. See, also, *Giffen v. City of Lewiston,* 6 Ida. 231, 55 Pac. 545.)

C. S., sec. 4667: ''The wife has the management and control of the earnings for her personal services, and the rents and profits of her separate estate.''

And the husband has the management and control of the community property except ''the earnings of the wife for her personal services and the rents and profits of her separate estate.'' (C. S., sec. 4666.)

Under the provisions of these sections, it is clear that money earned by respondent for her personal services, whether as laborer in the orchards and packing-houses or in caring for the pasture of her stepfather, all while living with her husband, is community property, of which she had the management and control. It is equally clear that property acquired by her after marriage, by gift, bequest, devise or descent, is her separate property.

This court has said: ''The separate property of either spouse may undergo mutations and changes during the marriage relation and still retain its separate character, yet the proof to trace and identify it in its changed condition must be clear and satisfactory.'' (*Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714; *Ahlstrom v. Tage, supra.*)

The personal property destroyed by fire was all acquired after the marriage of respondent with her husband, and the burden was upon her to show that it was her separate property, since the presumption is that it is community property. (*Humbird Lumber Co. v. Doran,* 24 Ida. 507,

135 Pac. 66; *Chaney v. The Gauld Co.,* 28 Ida. 76, 152 Pac. 468; *Clifford v. Lake, supra; Vaughan v. Hollingsworth,* 35 Ida. 722, 208 Pac. 838.)

The following exemption statutes were plead by respondent:

C. S., sec. 6919: "All real and personal estate belonging to any married woman at the time of her marriage, or to which she subsequently becomes entitled in her own right, and all the rents, issues and profits thereof, and all compensation due or owing for her personal services, is exempt from execution against her husband."

C. S., sec. 6920: " . . . . The following property belonging to an actual resident of the state is exempt from execution, except as herein otherwise specially provided:

"1. Chairs, tables, desks and books to the value of $200, belonging to the judgment debtor.

"2. Necessary household, table and kitchen furniture belonging to the judgment debtor, including one sewing machine in actual use in a family or belonging to a woman, stoves, stovepipe and stove furniture, beds, bedding and bedsteads, not exceeding in value $300; wearing apparel, hanging pictures, oil paintings and drawings, drawn or painted by any member of the family, and family portraits and their necessary frames; provisions actually provided for individual or family use sufficient for six months; two cows with their sucking calves and two hogs with their sucking pigs. . . . . "

Conceding that exemption statutes are to be liberally construed (*Coughanour v. Hoffman's Estate,* 2 Ida. 290, 13 Pac. 231; *Elliot v. Hall,* 3 Ida. 421, 35 Am. St. 285, 31 Pac. 796, 18 L. R. A. 586), it must likewise be borne in mind that exemptions are but creatures of statute, and that while the statutes will be liberally construed, such construction should be reasonable. (See 25 C. J., p. 11.)

C. S., sec. 6919, is peculiar to this state, and this court has not heretofore had occasion to interpret its provisions as applied to the earnings of a married woman while

living with her husband. In *Evans v. Kroutinger,* 9 Ida. 153, 2 Ann. Cas. 691, 72 Pac. 882, and *Humbird Lumber Co. v. Doran, supra,* cited by respondent, the court was considering the profits of the separate estate of a married woman. As to the earnings of a married woman, not living separate and apart from her husband, on account of her personal services, the exemption applies only to such earnings as are *due* and *owing.* After the earnings have been paid, or converted into other property, the exemption granted by said section no longer obtains.

The evidence shows that the following articles covered by the insurance policy, for which respondent was paid by the defendant insurance company, were her separate property, being purchased with funds given to her by her father, or received as gifts from other sources, to wit: 1 dresser, 1 bed, 1 feather-bed, 1 kitchen range, 1 kitchen cabinet, 1 shotgun, 1 six-shooter, a wedding ring, and an engagement ring, all valued at $196.75.

The following articles are exempt under subdivision 1 of C. S., sec. 6920, to wit: 1 library table, 1 dining table, 6 dining chairs, 1 cook table, 1 high chair, 1 sewing chair, 2 rocking chairs, and books, all valued at $68.95.

Under subdivision 2 of C. S., sec. 6920, the following exemptions obtain: $300 on account of household furniture valued at more than $800; wearing apparel valued at $144.35; 8 enlarged pictures, 3 hand-painted pictures, pictures and albums, groceries, spices and extracts, all valued at $76.

All valuations above referred to are those placed upon the articles in question by the insurance adjustment.

Some question is raised in appellant's brief as to the allowance of the exemption of the last-described articles because not mentioned in the testimony of the witnesses, although it is apparently conceded that they were destroyed by the fire and were settled for in the adjustment had with defendant insurance company. We hold that "pictures and albums" refer to family photographs and their con-

tainers which may with propriety be construed to mean "family portraits and their necessary frames."

The trial judge instructed the jury generally in the language of the several statutes herein referred to, and in instruction No. 5, to the effect that all compensation *"received"* by respondent for her personal services is exempt from execution against the husband. This is complained of as error in view of C. S., sec. 6919, *supra*. Any uncertainty created by this instruction was cleared up by the next instruction given, to the effect that where the earnings of a married woman are used to purchase other property, such other property is not exempt from payment of the community debts and debts of the husband. The evidence discloses that respondent had no earnings collected, in the form of money, and that her earnings had all been converted into other property, which the court properly told the jury was not exempt from execution. Since C. S., sec. 6919, gives an exemption from execution against the husband for the earnings of the wife only for so long as said earnings are unpaid, the instruction complained of is harmless in view of the facts in this case.

The cause is remanded, with directions to the trial judge to vacate the judgment appealed from, and enter judgment in favor of respondent for the sum of $786.05, and for the intervenor, E. N. McMillan, in the sum of $213.95, and costs in the lower court, provided the said appellant and respondent, within ten days from the coming down of the *remittitur* herein, file their acceptance of said amounts with the clerk of the district court; otherwise, to grant a new trial herein.

The record shows that neither party has complied with rule 43 of this court as to filing their briefs within the periods therein prescribed, and therefore no costs will be allowed on appeal.

Budge, C. J., and Givens, T. Bailey Lee and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.