(No. 5694. May 25, 1931.)

CHARLES E. BURTON, Appellant, v. VIOLET BAYLY, Formerly VIOLET BURTON, Respondent.

[300 Pac. 359.]

M. H. Eustace and S. Ben Dunlap, for Appellant.

T. A. Walters, for Respondent.

VARIAN, J.—Plaintiff commenced this action to quiet title to certain lots in the city of Caldwell and village of Wilder, in Canyon county. He alleges ownership of the lots in question; five years actual, visible, notorious, open, peaceable, continuous, undisputed and adverse possession thereof; that he and his predecessors in interest have paid taxes levied against said lands for more than five years; that defendant was formerly the wife of plaintiff and procured a decree of divorce from him in Bannock county, September 21, 1922, "and that said defendant claims or appears to have some claim or estate or interest in said premises adverse to plaintiff and that the exact nature thereof is unknown to plaintiff," and that defendant has no just claim, etc., to said premises, or any part thereof. Defendant answered, admitting the marriage and subsequent divorce, denying ownership, or adverse possession in plaintiff and setting up certain facts by way of affirmative defense, tending to show that the property in question was purchased from savings accumulated from wages earned by each spouse after their marriage. The court found for the defendant, denying plaintiff the relief prayed for and

decreeing the parties to be joint owners, as tenants in common, of the real property described in the complaint, each owning a one-half interest therein, and ordering an accounting by plaintiff of the rents, issues and profits since September 21, 1922. Plaintiff appeals from said decree.

Appellant alleges twelve assignments of error, in effect, that the findings and judgment are contrary to the evidence; the court erred in the following particulars, to wit: in finding for respondent and against appellant; in refusing to find the real property involved was the separate property of appellant; in refusing to find that the homestead filed upon, improved and patented prior to marriage was the separate property of appellant; in refusing to hold that the proceeds from the sale of the homestead of appellant were invested in the property involved here and were appellant's separate property; in refusing to hold that the proceeds of the sale of the homestead were kept separate and apart from the community funds; in enjoining appellant from asserting any claim, etc., to said property against respondent other than a one-half interest therein; in holding appellant and respondent are joint owners, as tenants in common, of the real property involved; in holding that appellant be required to account to respondent for rents, etc.; in holding respondent is entitled to recover one-half of the rents after September 21, 1922; in overruling appellant's objection to the introduction of any evidence by respondent and the motion to strike respondent's answer and cross-complaint. None of the assignments of error point out in what particulars the court erred and, therefore, do not comply with the requirements of Rule 40 requiring appellant's brief to contain a distinct enumeration of the errors relied upon. General statements specifying that the court erred (*McDonald v. North River Ins. Co.*, 36 Ida. 638, 213 Pac. 349), or that the evidence is insufficient to sustain the findings, verdict, or judgment (*Hill v. Porter*, 38 Ida. 574, 223 Pac. 538; *Bell v. Morton*, 38 Ida. 758, 225 Pac. 137; *Merrill v. Fremont Abstract Co.*, 39 Ida. 238, 227 Pac. 34; *Idaho Falls Nat. Bank v. Ford*, 46 Ida. 492,

269 Pac. 100; *Newport Water Co. v. Kellogg,* 31 Ida. 574, 174 Pac. 602; *Hurt v. Monumental Mercury Min. Co.,* 35 Ida. 295, 206 Pac. 184; *Morton Realty Co. v. Big Bend Irr. Co.,* 37 Ida. 311, 218 Pac. 433; *Howell v. Kahn,* 42 Ida. 277, 245 Pac. 86), without pointing out the particulars of the insufficiency, are too indefinite to merit consideration by this court on appeal. However, it is apparent from the argument in the appellant's brief (see *Mountain States Imp. Co. v. Arave,* 49 Ida. 710, 291 Pac. 1074, and cases therein cited) that appellant questions the sufficiency of the evidence to sustain the trial court's findings to the effect that the property in question is community property of the parties and not appellant's separate property, and that appellant contends that respondent, by alleging in her divorce action that there was no community property, is now estopped to claim the property involved here was community property at the time of the divorce. The divorce complaint alleged that "there is no community property or sole property belonging to the parties, or either of them" and the decree makes no mention of property or property rights.

The evidence is conflicting as to whether the property involved was purchased with funds belonging to the community, as claimed by respondent, or with his separate funds, as claimed by appellant. Appellant claims that the proceeds of a homestead entry made by him and finally proved up on before his marriage to respondent were used to purchase the lands involved. The evidence attempting to trace the proceeds of the sale of said homestead lands, as well as the evidence as to the value of improvements put thereon after coverture, is not altogether clear and satisfactory. (*Ahlstrom v. Tage,* 31 Ida. 459, 174 Pac. 605; *Clifford v. Lake,* 33 Ida. 77, 190 Pac. 714; *McMillan v. United States Fire Ins. Co.,* 48 Ida. 163, 280 Pac. 220.) The finding of the trial court would, of necessity, therefore, have to stand since there is competent evidence in the record to sustain it. (*Johnson v. Gustafson,* 49 Ida. 376, 288 Pac. 427; *Shattuck v. Ellis,* 49 Ida. 330, 288 Pac. 162; *Sorensen v. Larue,* 47 Ida. 772, 278 Pac. 1016; *Olson v. Olson,* 47

Ida. 374, 276 Pac. 34; *Kelley v. Smith,* 47 Ida. 368, 276 Pac. 302; *Cameron Lumber Co. v. Stack-Gibbs Lumber Co.,* 26 Ida. 626, 144 Pac. 1114.)

As to the question of estoppel, appellant failed to plead the record, or facts, constituting either estoppel or *res adjudicata,* in his complaint, or the answer to the respondent's cross-complaint. He is attempting to establish an estoppel by record and the rule is that to render such estoppel available it must be specially pleaded, if, as here, there is an opportunity to plead it. (21 C. J. 1243, sec. 248; 10 R. C. L. 842, sec. 148; 10 Cal. Jur. 653, sec. 30.) In the cases cited by appellant on this point, the report of *Barnett v. Barnett,* 9 N. M. 205, 50 Pac. 337, shows that the record upon which the estoppel was claimed was pleaded. In the other case cited, *Beals v. Ares,* 25 N. M. 459, 185 Pac. 780, it was held that the complaint pleaded in the divorce action did not tender an issue as to property rights and, therefore, the record in that action did not constitute *res adjudicata* of the property rights of the parties in the subsequent suit for a division of the community property.

Judgment affirmed. Costs to respondent.

Budge, Givens and McNaughton, JJ., and Babcock, D. J., concur.