(No. 6291.   July 8, 1936.)

JOHN  G.  SLUSSER,  Respondent,  v.  LEW  AUMOCK,
Appellant.

[59 Pac. (2d) 723.]

P. E. Stookey and Ben F. Tweedy, for Appellant.

J. H. Felton, for Respondent.

HOLDEN, J.—Appellant was engaged in the business of raising and selling fur-bearing animals. November 6, 1926, by written contract, appellant sold respondent a pair of blue fox pups. Under the terms of the contract, appellant agreed to "ranch" the foxes for a stated period for one-half of the increase. Some time after the making of that contract, respondent traded the blue foxes and two pairs of mink to appellant for a pair of silver black foxes. The silver black foxes, at the time of the trade, were owned by, and in the possession of, appellant. This action was brought by respondent against appellant to recover the alleged purchase price of said silver black foxes, claimed by respondent to have been sold by him to appellant following the above-mentioned trade.

In his amended complaint respondent alleges "That on or about the 16th day of July, 1932, the plaintiff sold and delivered to the defendant, at his request, one pair of Silver foxes, the same being the identical foxes which the defendant had previously traded to the plaintiff in exchange for the Blue foxes mentioned in the contract between the parties, entered into on the 6th day of November, 1926, for the sum of Nine Hundred Fifty Dollars ($950.00)"; that the defendant promised to pay therefor to plaintiff the said sum of $950.00, said amount being due and payable on the date of the sale and delivery; that defendant had not paid the same, nor any part thereof, except the sum of $25.

Appellant denied each and every allegation of the complaint, and as an affirmative defense, alleged as follows: That on October 30, 1928, appellant and respondent made an agreement (not written) whereby appellant was to "ranch" and board a pair of silver black foxes, alleged to have been owned by, and to belong to, the respondent (being the same pair of silver black foxes traded by appellant to respondent), for one-half of the increase; that appellant fully performed the terms and conditions of the contract to be done and performed on his part; that from August 15, 1929, up until the commencement of this action, respondent refused to take possession of said foxes, but left them with appellant; that, therefore, appellant was compelled to, and did, "ranch," board and care for the foxes from August 15, 1929, to May 8, 1935; that such "ranching," boarding and care was reasonably worth the sum of $576.80, no part of which had been paid.

It seems to have been conceded by both parties, upon the trial of the cause, that respondent traded to appellant a pair of blue foxes and two pair of mink, for the silver black foxes mentioned in the complaint, it being the contention of respondent that following the trade he sold the foxes to the appellant for the sum of $950, and it being contended by appellant, on the other hand, that respondent left the animals with him to be "ranched" and boarded for a stated period, for which he was to receive one-half of the increase. The jury returned a verdict in favor of respondent for the sum of $807. Judgment was thereupon entered for that amount, from which, and from an order denying a new trial, appellant appeals.

Numerous errors are assigned which serve to present for determination two questions, which are controlling: 1. Is the defense of the statute of frauds (subd. 4 of sec. 16–505, I. C. A.) waived where it does not appear from the complaint that the contract sued upon falls within the statute, and the party relying upon the statute as a defense, fails to plead it? 2. Must a party asserting that remarks of a trial judge were prejudicial, object to the remarks complained of, to entitle him to have the same reviewed by this court?

■ This court held in *Bevercombe v. Denney & Co.,* 40 Ida. 34, 39, 231 Pac. 427 (approved and adhered to in *Magee v. Winn,* 52 Ida. 553, 16 Pac. (2d) 1062), that a contract falling within the statute of frauds is not void, but is voidable; that a complaint which alleges the contract generally is sufficient; that where it does not appear from the complaint that the contract sued upon falls within the statute, a party relying upon the statute of frauds as a defense, must plead it. In the case at bar, the complaint alleges the contract generally; it does not appear therefrom that the contract sued upon falls within the statute. Furthermore, appellant failed to plead the statute as a defense; therefore, he waived the defense of the statute and all objections based upon it.

■ Appellant did not except to the remarks of the trial judge of which he now complains. Remarks of a trial judge not excepted to will not be reviewed by this court. (*Estate of Brown,* 52 Ida. 286, 15 Pac. (2d) 604; *State v. Smailes,* 51 Ida. 321, 5 Pac. (2d) 540.)

■ Appellant contends that the giving of a part of a certain instruction "quoted in my statement of facts" was erroneous; that the court erred in denying his motion for a new trial, and that "the evidence is totally insufficient to support the verdict," but he does not point out wherein the evidence is insufficient to support the verdict, nor wherein the court erred in denying his motion for a new trial, nor wherein the instruction is erroneous. General assignments specifying that the court erred, or that evidence is insufficient, without pointing out the particulars of insufficiency, are too indefinite to merit consideration. (*Burton v. Bayly,* 50 Ida. 707, 300 Pac. 359; *Hill v. Porter,* 38 Ida. 574, 223 Pac. 538; *McDonald v. North River Ins. Co.,* 36 Ida. 638, 213 Pac. 349; *Bell v. Morton,* 38 Ida. 758, 225 Pac. 137; *Merrill v. Fremont Abstract Co.,* 39 Ida. 238, 227 Pac. 34; *Idaho Falls Nat. Bank v. Ford,* 46 Ida. 492, 269 Pac. 100; *Newport Water Co. v. Kellogg,* 31 Ida. 574, 174 Pac. 602; *Hurt v. Monumental Mercury Min. Co.,* 35 Ida. 295, 206 Pac. 184; *Morton Realty Co. v. Big Bend Irr. & Min. Co.,* 37 Ida. 311, 218 Pac. 433; *Howell v. Khan,* 42 Ida. 277, 245 Pac. 86.)

Appellant also contends that "the verdict is against the law," in that "where an agreed price of anything is alleged, the verdict must be for that agreed price or for nothing, at all, less whatever payments may have been made on the agreed price, with interest at the legal rate."

Respondent sought to recover the sum of $950, the alleged purchase price of the foxes, less the sum of $25 paid by appellant some time after the sale. The jury returned a verdict for $118 less than the respondent alleged to be due. An error which could not have resulted to the disadvantage of appellant cannot be made the basis for a reversal of the judgment. (*Applebaum v. Stanton*, 47 Ida. 395, 276 Pac. 47.) Here, the evidence is amply sufficient to support a larger verdict than that returned by the jury.

It is further contended that the court erred in refusing to give certain requested instructions. One of the requested instructions instructed "that the burden of proving the evidence rests on the plaintiff, and that if he fails to prove said fact beyond *a reasonable doubt* (emphasis mine), then the verdict should be for the defendant . . . . "; and another requested instruction instructed "that the burden of proving that the defendant sold the plaintiff two silver foxes, is upon the plaintiff, . . . . ", etc. The last instruction requested by appellant instructed generally that the burden of proof was upon the plaintiff. The trial court, among other things, instructed the jury "that the burden is upon the plaintiff of proving by a preponderance of the evidence the material allegations of his complaint not admitted by the defendant." There is no merit in the contention of appellant.

Judgment affirmed. Costs awarded to respondent.

Givens, C. J., and Budge and Morgan, JJ., concur.

Ailshie, J., did not sit at the hearing nor participate in the opinion.