501 P.2d 1383

John E. CLOSE, Trustee of the Estate of J. W. McTarnahan, Deceased, and John Dorsey and Daryl Dorsey, husband and wife, Plaintiffs-Appellants,

v.

George C. RENSINK, Jr., and Dorothy L. Rensink, husband and wife, Defendants-Respondents.

No. 10937.

Supreme Court of Idaho.

Sept. 20, 1972.

W. C. MacGregor, Jr., William J. Dee, Grangeville, for plaintiffs-appellants.

Clements & Clements, Lewiston, for defendants-respondents.

McFADDEN, Justice.

The plaintiffs-appellants in this action are John E. Close, the trustee of the estate of J. W. McTarnahan, deceased, and Daryl

Dorsey, the beneficiary of such trust. John Dorsey is the husband of Daryl Dorsey. The defendants-respondents are George C. Rensink, Jr., and his wife, Dorothy L. Rensink, who own certain real property adjoining property previously owned by J. W. McTarnahan during his lifetime. Following the death of J. W. McTarnahan, after settlement of his estate, the title to his real property vested in Mr.

Close, Trustee under trusts established under the McTarnahan will.

To assist in understanding the location of the lands and roads involved, a plat reflecting the tracts of land and their ownership and the roadways which are in controversy is set out below. Throughout this opinion the various tracts and the roadways will be referred to in conformity with the designations thereon:

The appellants own what is designated on the foregoing map as Tracts nos. 1, 2, 3, and 4. Tract no. 1 was purchased by

McTarnahan in 1956 from Clarence McIlhenney and wife, and abutted on what is designated as U.S. Highway No. 12. Tract

no. 1 has its own access to the highway and does not utilize any access road in common with the Rensinks. McTarnahan purchased Tract no. 3 from the Rensinks in 1958. This tract abutted Tract no. 1 and was utilized by McTarnahan as the site for a residence he later constructed. In 1960 McTarnahan purchased Tract no. 4 from the Rensinks, which adjoined original Tract no. 1 and Tract no. 3, so that there was one continuous ownership by McTarnahan of Tracts nos. 1, 3 and 4. Tract no. 2 was purchased by McTarnahan in 1962 from Mr. Agee. This latter parcel was a logged over tract of land separated from the other tracts owned by McTarnahan. The land owned by the Rensinks lay generally east of Tracts nos. 1, 3 and 4.

The appellants by their amended complaint sought to have access roads 1 and 2 declared to be public roadways, to have the court decree that the appellants had used the roadways uninterruptedly for a period of more than five years, or in the alternative to have the access roads determined by the court to afford appellants access as implied rights of way or rights of way by necessity. The respondents in their answer generally denied the allegations of the appellants' complaint. By way of an affirmative defense the respondents alleged that all use of the roadways in question by the appellants or their predecessors in interest had been with respondents' express consent and alleged that appellants have other routes of access to Tract no. 2.

Following trial by the court on the issues framed by the amended complaint and answer, the trial court entered a memorandum opinion, and later its findings of fact, conclusions of law and decree in favor of the respondents.

In summary the district court made findings on the ownership of the parties' tracts of land: that Rensinks' predecessor in interest had granted a limited easement to one Weyen for a logging road across Rensinks' property which at that time included that designated as lots 3 and 4, as well as that shown on the plat as Rensinks' land; this road traversed over Tract no. 4, then owned by the Rensinks' predecessor in interest; this easement terminated by lapse of time shortly after acquisition of the property by Rensinks; and that the use of the road so constructed caused flooding of Rensinks' lands during wet weather and continued use of it would also cause further damage to the Rensinks.

The district court also found that there had been no use of this Weyen road by others without the express permission and consent of the Rensinks, and the only use made of it by McTarnahan and the Dorseys had been with Rensinks' consent. The court also found that the Dorseys had other access available to Tract no. 2 over a publicly maintained road.

The appellants assign error to a number of the findings of fact made by the district court. However, it cannot be determined from such assignments whether the appellants are complaining that there was insufficient evidence to sustain the challenged findings of fact, or whether the appellants have some other legal basis or theory for their challenge. This Court has held that general assignments specifying that the court erred or that the evidence is insufficient, without pointing out the particulars of insufficiency are too indefinite to merit consideration. Slusser v. Aumock, 56 Idaho 793, 59 P.2d 723 (1936). On appeal the burden of showing error is on the appellant. Pearson v. Harper, 87 Idaho 245, 392 P.2d 687 (1964); Clear v. Marvin, 86 Idaho 87, 383 P.2d 346 (1963). The statement of this Court in Burton v. Bayly, 50 Idaho 707, 300 P. 359 (1931), is worthy of reiteration:

"* * * None of the assignments of error point out in what particulars the court erred and, therefore, do not comply with the requirements of Rule 40 [now Rule 41] requiring appellant's brief to contain a distinct enumeration of the errors relied upon. General statements specifying that the court erred (McDonald v. North River Ins. Co., 36 Idaho

638, 213 P. 349), or that the evidence is insufficient to sustain the findings, verdict, or judgment (Hill v. Porter, 38 Idaho 574, 223 P. 538; Bell v. Morton, 38 Idaho 758, 225 P. 137; Merrill v. Fremont Abstract Co., 39 Idaho 238, 227 P. 34; Idaho Falls Nat. Bank v. Ford, 46 Idaho 492, 269 P. 100; Newport Water Co. v. Kellogg, 31 Idaho 574, 174 P. 602; Hurt v. Monumental Mercury Min. Co., 35 Idaho 295, 206 P. 184; Morton Realty Co. v. Big Bend Irr. Co., 37 Idaho 311, 218 P. 433; Howell v. Kahn, 42 Idaho 277, 245 P. 86), without pointing out the particulars of the insufficiency, are too indefinite to merit consideration by this court on appeal. * * *." 50 Idaho at 709–710, 300 P. at 360.

Nonetheless, the Court has examined the record to determine whether it sustains the findings by the trial court, and is of the opinion that the trial court's findings are fully sustained by the record. The trial court's conclusions of law are to the effect that the roadways were private roads of Rensinks' and that appellants have no rights to an easement by prescription, by implication, or of necessity.

The appellants' main contention on this appeal is that they are entitled to an implied easement over the Rensink land for access to Tract no. 4, and in the event that there was no implied easement then they are entitled to an easement by way of necessity to give access to Tract no. 4. While it is unclear from the record, apparently they also contend that they are entitled to an implied easement or way of necessity over the Rensinks' land to give access to Tract no. 2. To support their contention the appellants cite Wagner v. Fairlamb, 151 Colo. 481, 379 P.2d 165 (1963), and Martino v. Fleenor, 148 Colo. 136, 365 P.2d 247 (1961), in discussing the law on implied easements and easements of necessity.

█ Wagner v. Fairlamb, *supra,* discusses the four requirements to establish an implied easement, as set out in 1

Thompson, Real Property (perm. ed. 1939) § 396, at p. 647, quoting therefrom:

"(1) Unity and subsequent separation of title; (2) obvious benefit to the dominant and burden to the servient tenement existing at the time of the conveyance; (3) use of the premises by the common owner in their altered condition long enough before the conveyance to show that the change was intended to be permanent; and (4) necessity for the easement."

In Davis v. Gowen, 83 Idaho 204, 360 P.2d 403 (1961), this Court in discussing the elements essential to create an implied easement for right of way stated them as follows:

"To establish an easement by implication in favor of the dominant estate, three essential elements must be made to appear;

(1) Unity of title and subsequent separation by grant of dominant estate;

(2) Apparent continuous user;

(3) The easement must be reasonably necessary to the proper enjoyment of the dominant estate." 83 Idaho at 210, 360 P.2d at 407.

Even though the phraseology of the requirements as set out in Davis v. Gowen, *supra,* is somewhat different from that discussed in 1 Thompson § 396, the same principles are involved.

█ In applying these principles of the elements essential to establish an implied easement to the controversy here, it is clear that there can be no implied easement for Tract no. 2. This tract is separate and apart from any lands owned by the Rensinks. Secondly, because Mr. McTarnahan acquired title to Tract no. 2 from a Mr. Agee, who is a stranger to the title now held by the Rensinks, unity of title never existed. Davis v. Gowen, *supra.*

█ In 1958 Tract no. 3 was acquired by Mr. McTarnahan from the Rensinks. At that time McTarnahan owned all of Tract no. 1 on which he had full access to

Highway 12; the acquisition of Tract no. 3 imposed no duty on Rensinks to furnish any right of way or easement to the highway. McTarnahan later built his home on Tract no. 3. Access to the home and Tract no. 3 was provided by the existing roadway over Tract no. 1. Consequently there was no reasonable necessity to use access roads nos. 1 or 2 for proper enjoyment of Tract no. 3. Davis v. Gowen, *supra.*

 Concerning Tract no. 4 which McTarnahan purchased in 1960, certainly the evidence fails to establish any apparent continuous user of Access Road no. 2 to this tract. When this roadway was first built by Weyen, it was used for the sole purpose of hauling out timber. The right to the use of this road by Weyen terminated by the lapse of time in 1950. A few years later while Rensinks still owned Tracts nos. 3 and 4, they logged the timber from this area, at which time Access Road no. 1 was used as a skidroad, and logs were decked near the place where McTarnahan later built his home on Tract no. 3. After the sale of Tract no. 4 to McTarnahan, the use of the respective access roads was greatly limited and then only with Rensinks' permission. The record discloses that McTarnahan never used Access Road no. 2 except with permission first obtained from the Rensinks. It is undisputed that McTarnahan obtained Tract no. 4, which is a steep hillside, for the purpose of preventing encroachment by others upon his residence; and there is no evidence that Tract no. 4 was ever used for farming or residence purposes. Thus, the requirement for an easement by implication that there be "apparent continuous user" is absent. Davis v. Gowen, *supra.*

It is our conclusion that the appellants failed to establish the basic elements essential to establish an easement or right of way by implication.

 As a second ground the appellants contend they are entitled to a right of way by necessity. This theory is expressed in Martino v. Fleenor, 148 Colo. 136, 365 P.2d 247 (1961), cited by appellants. Here again appellants' proof fails to sustain their theory. Concerning Tract no. 2, the district court found that the appellants had other access to this tract by way of Suttler Creek Road, a publicly maintained road. This finding is fully sustained by the evidence. Because it passes some yards distant from the external boundary lines of the Tract, appellants argue that the Suttler Creek Road does not give full access. Since a way of necessity is dependent on unity of ownership of the dominant and servient estates, followed by a severance thereof, the respondents, not being predecessors in interest of Tract no. 2, are under no obligation to furnish rights of way to that property with which they have no connection.[1] 25 Am.Jur.2d Easements, § 35, p. 448; Martino v. Fleenor, 148 Colo. 136, 365 P.2d 247 (1961).

 Tracts nos. 1, 3 and 4 are all adjoining and constitute one integral piece of land under ownership of the appellants. They have access to this land from Highway No. 12, via the road leading from the highway to their residence. Consequently there is access to the outside from the tract as a whole. However, appellants point to the fact that northerly from their residence, Tract no. 3 is steep, hillside land, and Tract no. 4's gradient is even steeper. Further the appellants argue that it is almost impossible to go from Tract no. 3 northerly onto Tract no. 4 by means other than on foot or horseback. Accepting this as true, still the appellants have failed to establish in this record what use they desire to make of Tract no. 4 other than as a means of access to Tract no. 2. As previously pointed out, respondents are under no obligation to furnish access to

1. It is recognized that if appellants do have rights of way over Access Road no. 2 across Rensinks' land, what use appellants make of Access Road no. 2 while on Tract 4 is of no concern to Rensinks as long as no harm is caused Rensinks by use of the Road.

Tract no. 2. Since the appellants failed to establish the use intended to be made of Tract no. 4 when it was acquired, it is difficult to see where a way of necessity to Tract no. 4 over respondents' land arose. In other words the appellants in failing to establish the use to be made of Tract no. 4 at the time of the original conveyance (the basis for a way of necessity), failed to establish any necessity for a right of way to that tract across respondents' land. Feldstein v. Segall, 198 Md. 285, 81 A.2d 610 (1951); Hancock v. Henderson, 236 Md. 98, 202 A.2d 599, 9 A.L.R.3d 592 (1964); Othen v. Rosier, 148 Tex. 485, 226 S.W.2d 622 (1950); Estate of Waggoner v. Gleghorn, 378 S.W.2d 47 (Tex.1964); Merrimon v. McCain, 201 S.C. 76, 21 S.E.2d 404 (1942); LaRue v. Greene County Bank, 179 Tenn. 394, 166 S.W.2d 1044 (1942); 25 Am.Jur.2d Easements and Licenses § 36, p. 450; 28 C.J.S. Easements § 35b, at p. 699.

The judgment of the trial court is affirmed. Costs to respondents.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.